COLUMBIA MUTUAL INSURANCE COMPANY, Plaintiff–Appellant,

v.

Leslie HERIFORD and Crystal Lee, Defendants–Respondents.

No. SD 34335

Missouri Court of Appeals,
Southern District,
Division Two.

Filed March 29, 2017

Attorneys for Appellant: Susan Ford Robertson and J. Zachary Bickel, The Robertson Law Group, L.L.C., Kansas City, Missouri

Attorneys for Respondent: Steve Garner and Chandler Gregg, STRONG–GARNER–BAUER, P.C., Springfield, Missouri

GARY W. LYNCH, P.J.

Columbia Mutual Insurance Company ("Columbia Mutual") filed this action against Crystal Lee ("Lee") seeking a declaratory judgment that Leslie Heriford ("Leslie") was not an insured under Delcia Heriford's ("Delcia") insurance policy related to an automobile accident involving Lee and Leslie.[1] Both parties moved for summary judgment and, based upon its findings of fact, the trial court

---

1. Because they share the same last name, we use first names for Leslie and Delcia for clari- ty. No familiarity or disrespect is intended.

entered judgment in Lee's favor. Columbia Mutual appeals, arguing that the trial court erred in entering judgment in favor of Lee and denying Columbia Mutual's cross-motion [2] because: (1) "[Leslie] is not an insured entitled to coverage under [Delcia's] personal umbrella policy in that the Toyota truck driven by [Leslie] at the time of the accident that injured [Lee] was not owned by [Delcia][;]" and (2) "[Leslie] is not an insured entitled to coverage under [Delcia's] personal umbrella policy in that according to the undisputed deposition testimony of Delcia and Leslie, he was not a resident of [Delcia's] household[.]" Because neither party's summary judgment motion established a right to judgment as a matter of law, we reverse the trial court's judgment in part and remand the case for further proceedings consistent with this opinion.

### Factual and Procedural Background

Columbia Mutual's petition sought a judgment declaring that Leslie "is not an insured pursuant to [its] Policy[.]" In its petition, Columbia Mutual alleged as facts, among others, entitling it to its requested relief that "[Delcia] was not the 'owner' of the Truck pursuant to the Policy," and that "[Leslie] was not a resident of [Delcia's] household at the time of the Accident." Lee's answer denied both allegations and affirmatively stated "that [Delcia] was the owner, and/or an owner, of the truck."

Lee and Columbia Mutual filed cross motions for summary judgment on the petition. The facts set out in Lee's statement of uncontroverted material facts (SUMF) establish the following.[3] Lee was injured in a motor vehicle wreck when Leslie, driving a Toyota Tacoma (the "truck"), crossed the center line and hit Lee's vehicle head-on. Leslie's grandmother, Delcia, purchased the truck for Leslie to drive and they agreed that Leslie would pay Delcia back. At the time of the wreck, Leslie had been driving the truck for more than a year but had made no payments to Delcia. Department of Motor Vehicle records [4] list Delcia as the owner and registrant of the truck. The certificate of title to the truck states, "OWN–NAME HERIFORD LESLIE TOD HERIFORD DECLIA [sic]" and

2. Generally, an order denying a party's motion for summary judgment is not a final judgment and is therefore not subject to appellate review. *Hussmann Corp. v. UQM Electronics, Inc.*, 172 S.W.3d 918, 922 (Mo. App. E.D.2005). The denial of a motion for summary judgment, however, may be reviewable when, as in this case, the merits of the motion for summary judgment are "intertwined with the propriety of an appealable order granting summary judgment to another party." See *id.*
 *Schroeder v. Duenke*, 265 S.W.3d 843, 850 (Mo.App. E.D.2008). We review the denial of Columbia Mutual's cross motion for summary judgment under this exception to the general rule.

3. Rule 74.04(c)(2) required Columbia Mutual to respond to Lee's SUMF by "set[ting] forth each statement of fact in its original paragraph number and immediately thereunder admit[ting] or deny[ing] each of [Lee's] factual statements." Columbia Mutual did not set forth each statement of fact from Lee's SUMF. Neither did Columbia Mutual deny any of the material facts in Lee's SUMF. Columbia Mutual's failure to respond in compliance with Rule 74.04(c)(2) means that all of Lee's material facts are admitted or deemed admitted. Rule 74.04(c)(2) ("A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered response.").

Columbia Mutual's counsel on appeal was not its trial counsel.

4. According to Lee's counsel during oral argument, these records were obtained online and are records maintained by the Department, other than the certificate of title to the truck.

Delcia's address is listed as the owner's address. Leslie had a room at Delcia's house, stayed the night there some, ate there, and did all of his laundry there.

Delcia had multiple insurance policies potentially related to the truck. The property damage insurance carrier, Dairyland, paid Delcia for the truck after it was totaled in the wreck. Delcia kept those funds. Delcia also had the policy at issue with Columbia Mutual (the "policy"). Lee made a demand for the policy limits and was declined because Columbia Mutual claimed Leslie was not an insured under the policy.

"Insured" is defined in the policy as "1. You. 2. A 'family member'. 3. Any person using an 'auto', 'recreational motor vehicle', or watercraft, which is owned by you[.]" "Owner" is not defined in the policy. "Family member" is defined as "a resident of [the insured's] household who is: 1. Your relative, including a ward or foster child; or 2. Under the age of 21 and in the care of you or an 'insured' who is age 21 or over." "Resident" is also not defined in the policy.

In ruling on the parties' cross motions for summary judgment, the trial court made a finding of fact that Delcia was an "owner" of the truck and therefore Leslie was an insured under the policy. The court also made a finding of fact that Leslie was a resident of Delcia's household and concluded that also made him an insured under the policy. Accordingly, the trial court granted judgment in favor of Lee and denied Columbia Mutual's motion for summary judgment. Columbia Mutual timely appeals that judgment.

### Standard of Review and Applicable Rule 74.04 Principles

 Our review is essentially *de novo.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)(internal citations omitted). "The language of Rule 74.04 establishes the boundaries of Missouri's summary judgment practice." [5] *Id.* at 380.

- Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework.

- Courts determine and review summary judgment *based on that Rule 74.04(c) record, not* the whole trial court record.

- Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.*

- To come full circle, summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone.*

*Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 160 (Mo.App. S.D. Oct. 18, 2016) (internal quotation marks and footnotes omitted).

---

**5.** Rule references are to Missouri Court Rules (2016).

■ In developing the Rule 74.04(c) record, the parties are required to support each stated material fact with specific references to attached pleadings, discovery, exhibits, or affidavits. Rule 74.04(c)(1), (2), and (3). The function of the specifically referenced evidentiary material is, depending upon which party is asserting the material fact, to "demonstrate the lack of a genuine issue," as to that particular material fact or to demonstrate that it "remains in dispute." *Id.* Regardless of what evidentiary material is attached to the parties' statements of facts, however, only those material facts set forth in the parties' statements of facts may be considered in determining whether summary judgment is appropriate. *Lackey v. Iberia R–V Sch. Dist.*, 487 S.W.3d 57, 62 (Mo.App. S.D. 2016) ("[S]ummary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*.").

■ "A material fact in the context of summary judgment is one from which the right to judgment flows." *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011) (citing *ITT Commercial Fin. Corp.*, 854 S.W.2d at 378 ("The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute.")).

■ In a summary judgment analysis, the existence of a particular item of evidence could play a primary role as a material fact, where its mere existence is a fact "from which the right to judgment flows." *Id.*; *Custer v. Wal–Mart Stores E. I, LP*, 492 S.W.3d 212, 215 (Mo.App. S.D. 2016). It could also play a secondary, supporting role to that of a material fact— where its existence directly or inferentially tends to prove or disprove a particular material fact, it should be specifically referenced in support of or in opposition to that material fact. Rule 74.04(c)(1), (2), and (3); *Jones* at 160. Conflating those two roles and categorizing an item of evidence in a primary role as a material fact when its only significance in the analysis is for its secondary role, improperly injects that evidence into the Rule 74.04 analysis on par with an actual material fact and, because it is untethered from an actual material fact, ignores and omits from the analysis its supporting role as to any particular actual material fact. Such miscategorizations are a misapplication of Rule 74.04(c) and, at a minimum, should be ignored.[6] *See Custer*, 492 S.W.3d at 215 (mischaracterizing the existence of deposition testimony as a material fact "does not aid the trial

---

**6.** As a perusal of Missouri Approved Instructions (MAI) will reinforce, very few claims or defenses have more than five or six material facts. Yet here, as to a single contract claim, Lee's SUMF contains 44 purported material facts and Columbia Mutual's SUMF contains 70 purported material facts. Remarkably, we routinely see SUMFs with well over 100 purported material facts. The miscategorization of evidence as material facts is a large contributor to these bloated numbers, *see, e.g.,* footnotes 9 and 14 *infra*, and serve no purpose in a Rule 74.04 summary judgment analysis other than to inappropriately obscure whether the SUMF states actual material facts showing movant's right to judgment as a matter of law or whether a genuine issue exists as to a particular actual material fact. While these miscategorized material facts, at the very least, should be ignored in the search for the actual material facts in a SUMF and whether a genuine issue exists as to a particular material fact, a repeated misapplication of Rule 74.04 in this respect would justify the denial of a motion for summary judgment without any further inquiry or analysis.

See Julian Bush, *How to Write a Motion for Summary Judgment*, 63 J. MO. BAR 68, 69–70 (2007), for an insightful view from the trial bench of this issue in the "Fourth Step" addressing the preparation of a statement of uncontroverted material facts.

court or this court in identifying the material facts or determining the existence of any genuine issue as to those facts.").

When the alleged uncontroverted material facts in a movant's SUMF, as supported by their Rule 74.04(c)(1) required specifically referenced material purporting to show no genuine issue, establish the movant's right to judgment as a matter of law, the movant has made a prima facie showing of a right to judgment under Rule 74.04(c)(1). *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. When, and only when, the movant has made the required prima facie showing does the propriety of summary judgment require any action by the adverse party to demonstrate—"by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* Conversely, if a movant's motion for summary judgment fails to make that Rule 74.04(c)(1) prima facie showing of a right to judgment as a matter of law, any further inquiry into the summary judgment record should end and the motion for summary judgment should be denied. *See id.*; *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 834 n.6 (Mo.App. S.D.2016).

## Discussion

Columbia Mutual's first point contends: The trial court erred in entering summary judgment in favor of [Lee] and in denying Columbia Mutual's cross-motion for summary judgment because [Leslie] is not an insured entitled to coverage under [Delcia's] personal umbrella policy in that the Toyota truck driven by [Leslie] at the time of the accident that injured [Lee] was not owned by [Delcia] as: 1) she was not an owner on the title; 2) her designation as TOD and lienholder did not equate to being an owner; 3)

the fact that she paid for the Toyota and paid the premium on the Dairyland liability policy did not make her an owner; 4) the fact that Dairyland paid her for the actual cash value of the loss of the Toyota did not make her an owner as she was not an insured under the policy but instead she was a lienholder entitled to payment under the loss payee clause; and 5) she did not have possession, dominion or control over the Toyota.

Columbia Mutual's second point contends:

The trial court erred in entering summary judgment in favor of [Lee] and in denying Columbia Mutual's cross-motion for summary judgment because [Leslie] is not an insured entitled to coverage under [Delcia's] personal umbrella policy in that according to the undisputed deposition testimony of Delcia and Leslie, he was not a resident of [Delcia's] household at the time of the accident as he lived in his own apartment for over a year before the accident, and though he had spent an occasional night at his grandmother's house, he never lived there or even have [sic] a key.

Because " '[a] summary judgment can only be granted if there is no genuine issue of material fact *and* the moving party is entitled to judgment as a matter of law[,]' " *Empire Dist. Elec. Co. v. Coverdell*, 484 S.W.3d 1, 7 n.9 (Mo.App. S.D.2015) (quoting *McLallen v. Tillman*, 386 S.W.3d 837, 839 (Mo.App. S.D.2012)) (emphasis added), Columbia Mutual had two avenues by which to challenge the summary judgment in favor of Lee. First, Columbia Mutual could have argued that Lee was not entitled to judgment in her favor as a matter of law, i.e., Lee's motion for summary judgment failed to make a prima facie showing of a right to judgment because Lee's SUMF omitted as a material fact that Delcia was an owner of the truck or that Leslie was a resident of Delcia's

household. Second, if Lee's SUMF did include such material facts, Columbia Mutual could have argued that there remains a genuine issue as to each. Columbia Mutual's points do not precisely do either. Instead, those points and their underlying arguments apply certain selected items of evidence (primarily deposition testimony and documents) that were miscategorized as material facts to cited legal principles in an attempt to support each claim of error.[7] This lack of precision, however, was initiated and invited in the first instance by Lee's motion for summary judgment and SUMF, which suffer from the same deficiency.

In her SUMF, Lee categorizes certain selected evidence as material facts, which, if specifically referenced for its secondary role, would inferentially[8] support Delcia's ownership of the truck and Leslie's residency with Delcia.[9] Lee's SUMF, however, recites neither Delcia's ownership of the truck nor Leslie's residence with Delcia as material facts. Apparently, as a result of these omissions in Lee's SUMF and in order to support its summary judgment in Lee's favor, the trial court found it necessary to evaluate the credibility of the conflicting evidence categorized as material facts by each party and to make a finding of fact as to the existence of each of the omitted material facts.[10]

The argument section of Columbia Mutual's brief contends that the

---

**7.** Lee's brief responds in kind. For example, concerning the ownership issue, Columbia Mutual's brief argues, among other things, that Delcia was not an owner of the truck because she testified at a deposition that she "was just kind of like a bank loaning him some money." Lee responds in her brief that Leslie testified at his deposition that he considered Delcia to be the owner of the truck. Again when, Columbia Mutual argued that Delcia was not listed as the owner on the title, but only as a lienholder, Lee's brief responds that Delcia is listed as the owner on the DMV records. Lee also notes that the trial court found Declia's testimony to be self-interested.

Concerning the residency issue, Columbia Mutual argues, for example, that Leslie was not a resident of Delcia's household because he testified that he never lived there. In response, Lee argues that Leslie was a resident because Delcia testified that he had a room at her house and lived there off and on his whole life. Both parties cite cases that would support their arguments that the evidence they rely on would be sufficient to prove ownership or residency if believed.

**8.** "We accord the non-movant the benefit of all reasonable inferences from the record." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "That... means that if the movant requires an inference to establish the right to summary judgment, and the evidence reasonably supports any inference other than, or in addition to the movant's inference, a genuine dispute exists and the movant is not entitled to summary judgment." *Degonia v. Webb City R–VII Sch. Dist.*, 479 S.W.3d 166, 167 (Mo. App. S.D.2015) (internal quotation marks and citations omitted). An examination or consideration of inferences and genuine disputes only arises, however, in relation to a particular stated material fact. Where, as here, the movant in each motion for summary judgment under consideration has failed to make a prima facie showing because of an omitted material fact in their respective SUMFs, any discussion or consideration of the direct or inferential evidentiary support of that omitted material fact would be premature.

**9.** Twenty-four of Lee's 44 numbered facts in her SUMF miscategorized evidence significant only for its secondary role in the primary role of a material fact. *See* Lee's Statement of Facts numbered 5–23 and 25–29 at pages 78–81 in the legal file.

**10.** The very nature of summary judgment precludes any necessity for a trial court to make findings of fact in granting it. If the material facts are actually uncontroverted, then the facts generally will be those set forth in the movant's SUMF. If a material fact is omitted from the SUMF or a stated material fact is genuinely disputed, then summary judgment should be denied.

"facts are not in dispute[;]"[11] however, if the *material* facts were undisputed, the trial court would not have needed to make findings of fact to support its judgment and the parties would not have needed to look outside their respective SUMFs in crafting their briefs to this court.[12] Because Lee never alleged (1) the material fact of Delcia's ownership of the truck or Leslie's residency with Delcia or (2) any other material facts from which a right to judgment necessarily and unavoidably flowed as a matter of law, her SUMF does not support a prima facie showing of a right to judgment as a matter of law and the trial court's judgment in her favor must be reversed.

Because we conclude that summary judgment should not have been granted in favor of Lee, we now turn to Columbia Mutual's motion for summary judgment. The trial court correctly denied that motion. Columbia Mutual's accompanying SUMF fares no better than Lee's. Columbia Mutual also miscategorizes selected evidence as material facts that, if specifically referenced for its supporting role, inferentially[13] supports Delcia's non-ownership of the truck and Leslie's non-residency with Delcia.[14] Neither of these actual material facts, however, is recited in Columbia Mutual's SUMF. To reverse the denial of summary judgment would require this court to make findings of fact that Delcia was not an owner of the truck and Leslie was not a resident of her household. Nothing in Rule 74.04 assigns such a role to this or any other court in order to grant summary judgment. Therefore, the

11. Indeed, where the existence of an item of evidence is categorized as a "fact" in a SUMF, the opposing party generally has no option other than to admit its existence. *See Custer*, 492 S.W.3d at 215–216 (party responding to existence of deposition testimony mischaracterized as a material fact is "reduced to engaging in the meaningless activity of admitting or denying whether [movant] accurately quoted deposition testimony."). In the context that both parties' "facts" in their respective SUMFs primarily consist of such miscategorizations that cannot garner anything from the opposing party other than an admission as to its existence, Columbia Mutual is linguistically correct that the "facts" are not in dispute. In the context of the Rule 74.04(c) records that the parties have provided here, however, all that logically can be said in this regard is that the existence of the evidence that each party relies upon to support or contest the existence of the material facts—whether Delcia was an owner of the truck or that Leslie resided with Delcia—is undisputed. While such an observation assists in determining that specifically referenced material supports the existence of a particular stated material fact, if that evidence had been so specifically referenced, it does not assist in determining whether the actual material facts in their respective SUMFs give rise to either party's right to judgment as a matter of law, i.e, a prima facie showing.

12. Both parties' arguments cite repeatedly to "facts" not contained in their respective SUMF and are nothing more than an invitation for this court to look outside the Rule 74.04(c) summary judgment record that contains the material facts with specific references to attached evidence. "A trial court grants or denies motions for summary judgment on the basis of what is contained in the motion for summary judgment and the responses thereto. On appeal, our review is confined to the same facts and does not extend to the entire record before the trial court." *Holzhausen v. Bi–State Dev. Agency*, 414 S.W.3d 488, 494 (Mo.App. E.D.2013).

13. *See* footnote 8.

14. Fifty-seven of Columbia Mutual's 70 numbered facts in its SUMF miscategorize evidence significant only for its secondary role in the primary role of a material fact. *See* Columbia Mutual's Statement of Uncontroverted Material Facts numbered 10–11, 14, 16–18, and 20–71 at pages 212–225 in the legal file (the SUMF omits any fact numbered 15, but rather skips from fact numbered 14 to fact numbered 16).

trial court's judgment denying summary judgment in favor of Columbia Mutual is affirmed.

Because each party failed to properly allege in their respective SUMF either the existence or non-existence of Delcia's ownership of the truck and Leslie's residency or non-residency with Delcia as material facts, in accordance with the requirements of Rule 74.04(c), neither made a prima facie showing of a right to judgment as a matter of law. The lack of such a showing precludes the entry of summary judgment for either party. Rule 74.04(c)(6) (summary judgment authorized only "[i]f the motion, the response, the reply and the sur-reply show... that the moving party is entitled to judgment as a matter of law"). Had they done so with specific references to attached evidentiary support, using the same evidence that they miscategorized in their SUMFs as material facts and now argue in this court to support their respective legal positions, it would have been clear to both, as it is to this court, that a genuine issue exists as to each of these material facts. Such genuine issues, likewise, preclude the entry of summary judgment for either party. Rule 74.04(c)(6) (summary judgment authorized only "[i]f the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact[.]").

## Decision

The trial court's judgment in favor of Lee is reversed, the trial court's denial of summary judgment in favor of Columbia Mutual is affirmed, and the case is remanded for further proceedings consistent with this opinion.

DANIEL E. SCOTT, J.—concurs in part and dissents in part in separate opinion

WILLIAM W. FRANCIS, JR., J.—concurs

DANIEL E. SCOTT, J., concurring in part and dissenting in part

I cannot join the majority opinion in one respect: I am skeptical that Rule 74.04 and case law effectively limit SUMFs to perhaps six facts or fewer (*e.g.*, MAI verdict-director elements), and that any larger SUMF likely imperils a summary judgment claim on technical grounds.[1]

I agree that these parties over did their SUMFs, which we commonly see in summary judgment appeals, frequently worse than here, and backfiring more often than not. I also agree that bloated SUMFs create undue difficulties for opponents, trial judges,[2] and appellate courts on review. Thus I credit the majority for again alerting the bar to this problem and trying to work toward a much needed solution.

Yet I cannot find that Rule 74.04 and case law limit SUMFs as severely as the principal opinion indicates at footnote 6

---

1. As at least suggested by the principal opinion's footnote 6 and accompanying text.

2. To quote one experienced Missouri trial judge:

 Look carefully the next time that you appear before me and announce that you are present to argue your motion for summary judgment: I may be turning white. That is because it is my too frequent experience that when a summary judgment is presented, I am given a massive set of papers setting forth scores of putative facts, myriad references to the record, and case citations galore, but without anywhere a clear statement of the ground or grounds upon which the motion is based. I know that I have a lot of work ahead, and I suspect that you have made my work much more difficult than it needs to be.

 Julian Bush, *How to Write a Motion for Summary Judgment*, 63 J. Mo. Bar 68, 68 (2007).

and its accompanying text.[3] Our supreme court has considered over 100 summary judgment cases since *ITT* by my count, but I cannot find any in which our high court has suggested such stringent SUMF restrictions, let alone that Rule 74.04 or developed case law demands such limitations.

In all other respects, I concur in the principal opinion.

**3.** Or, for that matter, as Judge Bush similarly asserts. *See* 63 J. Mo. Bar at 69–70.