

# Missouri Court of Appeals

## Southern District

### Division Two

INEZ RICE,                                )
                                          )
    Plaintiff-Appellant,          )
                                          )
v.                                        )    No. SD36151
                                          )
SHELTER MUTUAL INSURANCE        )    **Filed: January 28, 2020**
COMPANY, and JOHN GOLDSMITH,    )
                                          )
    Defendants-Respondents,       )
                                          )
and                                       )
                                          )
JASON LEE PRATER and JOE         )
SHEARRER, d/b/a ALL ABOUT        )
THE HOUSE,                                )
                                          )
    Defendants.                   )

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Alan Blankenship

**REVERSED AND REMANDED**

    Inez Rice ("Rice") brought an action against Shelter Mutual Insurance Company

("Shelter"), John Goldsmith ("Adjuster"), and Christopher Hammen ("Agent"[1])

(collectively "Insurers") on a theory of negligence. The trial court found that Insurers

---

[1] Rice dismissed all claims against Agent prior to the trial court's entry of summary judgment.

owed no duty to Rice independent of the insurance contract, and for that reason, it granted Insurers' motion for summary judgment.[2]

In two points on appeal, Rice claims the trial court erred in entering its judgment because a genuine issue of material fact exists as to whether Insurers owed her a duty or had acted in a manner that voluntarily assumed such a duty. Rice also argues, "in the alternative," that "[Insurers'] motion for summary judgment (and its accompanying statement of uncontroverted material facts) does not entitle them to summary judgment."[3]

Because Insurers' statement of uncontroverted material facts ("SUMF") failed to state a *prima facie* showing of a right to judgment as a matter of law, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

## Standard of Review and Rule 74.04

Our review of the trial court's decision to grant a motion for summary judgment is essentially *de novo,* and we apply the same criteria that the trial court should have applied in determining whether summary judgment was properly granted. ***Richardson v. QuikTrip Corp.***, 81 S.W.3d 54, 56-57 (Mo. App. W.D. 2002).

> When the moving party is the defending party, as [Insurers are here], summary judgment is established where that defending party shows:
>
> > (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence

---

[2] While the trial court's judgment did not resolve all issues as to all parties in the case, it did resolve all of the claims brought against Insurers. As a result, the trial court properly certified its order granting summary judgment in favor of Insurers under Rule 74.01(b). *See **Wilson v. Jones***, No. SC97544, slip op. at pp. 9-12 (Mo. banc Jan. 14, 2020). All rule references are to Missouri Court Rules (2018).

[3] We pause to note that this "alternative" argument is not included in either of Rice's points relied on. "Errors raised for the first time in the argument portion of the brief and that are not raised in the point relied on need not be considered by [this court]." ***Pearman v. Department of Soc. Servs.***, 48 S.W.3d 54, 55 (Mo. App. W.D. 2001) (internal citation omitted). However, because Insurers' brief responded to this portion of Rice's argument, we exercise our discretion to review it on the merits. ***Atkins v. McPhetridge***, 213 S.W.3d 116, 120 (Mo. App. S.D. 2006).

sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Meyer v. City of Walnut Grove*, 505 S.W.3d 331, 335 (Mo. App. S.D. 2016) (quoting

*ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371,

381 (Mo. banc 1993)).

We begin with a recitation of these well-established principles:

1. A trial court grants or denies summary judgment based on facts established by the summary judgment motion and responses thereto; "our review is confined to the same facts and does not extend to the entire record before the trial court."

2. Facts come into a summary judgment record *only* per Rule 74.04(c)(1) and (2), "that is, in the form of a pleading containing separately numbered paragraphs and a response addressed to those numbered paragraphs."

*Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 60-61 (Mo. App. S.D. 2016) (internal

citations, quotations, and footnote omitted).

**The Petition & the Motion**

Rice's Amended Petition made the following averments relevant to this appeal:

1. When Rice informed Insurers about an event that caused leaking and flooding in her home, Insurers did not "order[] or request[] any other individual or entity [to] remediate the flooding and leaking" and instead "instructed [Rice] to conduct the cleanup process herself[.]"

2. Insurers did not provide Rice with any "direction or instruction" on "how to remediate the leaking/flooding[] and took no action to stop the leaking/flooding[.]"

3. Rice "conveyed" to Agent that she was "already experiencing coughing, fatigue, respiratory problems, and other symptoms associated with toxic mold and/or aspergillus[.]"

3

4. Insurers did not offer alternative living arrangements to Rice or encourage Rice to vacate the home until the "problems could be resolved[.]"

5. When Agent filed a claim on behalf of Rice with Shelter, Agent "either intentionally or negligently misrepresented to Shelter and/or [Adjuster] the date of the beginning of the water event in [Rice]'s house[] and/or intentionally or negligently misrepresented how long the water event in [Rice]'s house had been occurring[.]"

6. Rice told Adjuster that something in the house was making her sick.

7. Adjuster recommended and hired All About the House [("AATH")] "to remediate the problems in [Rice's] house[.]"

8. Adjuster "either intentionally or negligently misrepresented to [AATH]: the date of the beginning of the water event in [Rice]'s house, how long the water event in [Rice]'s house had been occurring, the length of time that [Rice's] house had been flooded, the amount of time [Rice's] house had been inundated with toxic mold and aspergillus, and/or the extent to which [Rice's] house was damaged by toxic mold and aspergillus[.]"

9. After AATH left the house, Rice's "illness progressed significantly to the point she was not able to function[.]"

10. Rice "was hospitalized, and aspergillus was found in her lungs."

11. After being hospitalized for a significant period of time, Rice "subsequently was forced to stay in a nursing home to assist her with her rehabilitation."

Insurers' motion for summary judgment claimed the following facts to be material and uncontroverted:

1. In December 2013, [Rice] had a homeowner's insurance policy with [Shelter].

2. On December 12, 2013, [Rice] noticed a leak in her home.

3. [Agent] is an independent contractor for [Shelter].

4. [Agent] works for other insurance companies besides [Shelter].

4

5. [Rice] first spoke with [Agent] regarding the leak in her home on Friday, December 13, 2013.

6. On Monday, December 16, 2013, [Agent] filed a claim on behalf of [Rice] with [Shelter] regarding the leak in [Rice's] home.

7. [Adjuster] was the adjuster appointed by [Shelter] to inspect [Rice's] home.

8. [Adjuster] met with [Rice] at her home on December 16, 2013.

9. On December 16, 2013, Joe Shearrer with All About the House met with [Rice] at her home.

## The Ruling

The trial court's conclusions of law were:

Here, the uncontroverted facts demonstrate [Shelter] and [Adjuster] breached no duty to [Rice] because they had no duty to [Rice] outside of the insurance contract she had with [Shelter]. Furthermore, [Shelter] and [Adjuster] assumed no duty to [Rice] outside of the insurance contract she had with [Shelter].

The trial court found as follows that all of Rice's allegations of negligence

against Insurers arose out of the contract of insurance.

Missouri Courts have routinely upheld *dismissals* of actions which attempt to allege a tort arising from an insurance contract. Essentially, the act must have been done independent of the contract. If an act done independent of a contract would result in a tort then that would continue to be true regardless of the contract between the parties. However, where defendant owes no duty to plaintiff except for that provided under the contractual relationship then plaintiff cannot maintain a tort independent of the contract.

(Emphasis added.) (Internal citations omitted.)

## Analysis

When the alleged uncontroverted material facts in a movant's SUMF, as supported by their Rule 74.04(c)(1) required specifically referenced material purporting to show no genuine issue, establish the movant's right to judgment as a matter of law, the movant has made a prima facie showing of a right to judgment under Rule 74.04(c)(1). *ITT*

*Commercial Fin. Corp.*, 854 S.W.2d at 381. When, and only when, the movant has made the required prima facie showing does the propriety of summary judgment require any action by the adverse party to demonstrate—" by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* Conversely, if a movant's motion for summary judgment fails to make that Rule 74.04(c)(1) prima facie showing of a right to judgment as a matter of law, any further inquiry into the summary judgment record should end and the motion for summary judgment should be denied.

***Columbia Mut. Ins. Co. v. Heriford***, 518 S.W.3d 234, 241 (Mo. App. S.D. 2017).

Material facts are facts from which the right to judgment flows. ***Id.*** at 240.

Insurers' motion for summary judgment claims that their "only interactions with [Rice] arose as a result of the policy of insurance she had with [Shelter]. As a matter of law, [Rice] cannot recover from [Insurers] on a negligence claim as no tort remedy exists for breach of an insurance contract." If that is a correct statement of the controlling law (a question we need not decide), Insurers' SUMF had to demonstrate that all of Insurers' alleged negligent actions "arose as a result of" the insurance policy Rice had with Shelter. Rice argues that the facts in Insurers' SUMF, recited above, "are not 'material' for purposes of this motion for summary judgment." Specifically, Rice claims that none of them address any element of negligence and that Insurers, as the moving party, did not meet their burden to show their right to judgment as a matter of law. We agree.

Insurers' SUMF does not demonstrate that all of Rice's allegations against them were based upon their contract of insurance. *See **Columbia***, 518 S.W.3d at 243.[4] What

---

[4] ***Columbia*** contains a detailed discussion of the difference between material facts and evidentiary facts and their respective roles in the summary judgment process. *See* 518 S.W.3d at 240 (quoting ***Goerlitz v. City of Maryville***, 333 S.W.3d 450, 453 (Mo. banc 2011)) (categorizing certain evidence as material facts, or, those "from which the right to judgment flows[,]" and other evidence as that which supports those material facts, and whose "existence directly or inferentially tends to prove or disprove a particular material fact"). We will not repeat that discussion here, but trial judges would do well to read it before analyzing and ruling on a motion for summary judgment.

Insurers' SUMF mischaracterizes as material facts are merely evidentiary facts from which, at best, a fact-finder might infer that Insurers owed no duty to Rice apart from the obligations contained in their contract of insurance. And in reviewing a motion for summary judgment, the opposite inference is required: "the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT*, 854 S.W.2d at 376. The mischaracterization of evidentiary facts as material facts from which a right to judgment flows is "a misapplication of Rule 74.04(c) and, at a minimum, should be ignored."[5] *Columbia*, 518 S.W.3d at 240.

This failure to allege uncontroverted material facts from which a right to judgment flows fails to meet *ITT*'s requirement that Insurers demonstrate that Rice, "after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find" that Insurers had assumed a duty to Rice as alleged in her Amended Petition. 854 S.W.2d at 381.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

DON E. BURRELL, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS IN SEPARATE OPINION

JEFFREY W. BATES, J. – CONCURS

---

[5] According to *Columbia*,

> [c]onflating those two roles and categorizing an item of evidence in a primary role as a material fact when its only significance in the analysis is for its secondary role, improperly injects that evidence into the Rule 74.04 analysis on par with an actual material fact and, because it is untethered from an actual material fact, ignores and omits from the analysis its supporting role as to any particular material fact.

518 S.W.3d at 240.



# Missouri Court of Appeals

## Southern District

### Division Two

INEZ RICE, )
)
    Plaintiff-Appellant, )
)
v. )
)
SHELTER MUTUAL INSURANCE )
COMPANY, and JOHN GOLDSMITH, )
)   No. SD36151
    Defendants-Respondents, )
)   **Filed: January 28, 2020**
and )
)
JASON LEE PRATER and JOE )
SHEARRER, d/b/a ALL ABOUT )
THE HOUSE, )
)
    Defendants. )

### CONCURRING OPINION

I concur. To reiterate, as relevant here, Insurers' SUMF established only that:

- Rice had a Shelter homeowner's insurance policy.

- She noticed a leak in her home.

- She spoke with Agent regarding the leak.

- Agent filed a claim with Shelter on Rice's behalf regarding the leak.

- Shelter appointed Adjuster to inspect Rice's home.

- Adjuster met with Rice at her home.

- AATH met with Rice at her home.

Could these alone win anyone summary judgment on any conceivable theory? Especially when inferences go *against* the movant as the principal opinion notes?

DANIEL E. SCOTT, P.J. – CONCURRING OPINION AUTHOR