

# Missouri Court of Appeals

## Southern District

### Division Two

LANA SLOAN,  )
        )
  Plaintiff-Appellant, )
        )
v.        )  No. SD36261
        )
FARM BUREAU TOWN &  )  **Filed:  May 12, 2020**
COUNTRY INSURANCE  )
COMPANY OF MISSOURI, )
        )
  Defendant-Respondent, )
        )
and       )
        )
JESSE CLARK, JOSEPH E. WEBB, and )
BOBBETTE J. WEBB,  )
        )
  Defendants.  )

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable James A. Hackett

## REVERSED AND REMANDED

In two points relied on, Lana Sloan ("Plaintiff") appeals the judgment that denied her motion for summary judgment and granted judgment in favor of defendant Farm Bureau Town and County Insurance Company ("Farm Bureau") on its motion for summary judgment. Plaintiff's second amended petition sought monetary damages from the defendants for injuries she suffered as the result of a dog bite, and it sought payment

1

for those injuries under the medical-payments provision of an insurance policy Farm Bureau had issued to its insured, defendant Joseph Webb.[1]  The sole issue before the trial court in regard to Farm Bureau was whether the dog that bit Plaintiff ("the dog") constituted "a 'condition' on the insured premises" under the medical-payments provision of its policy.[2]

In its judgment, the trial court found -- as a matter of law -- that the medical-payments provision did not apply because the dog was "not a condition on the insured premises."  Because the parties' numbered statements of uncontroverted material facts and the responses thereto ("the SUMF") did not entitle Farm Bureau to a judgment in its favor, we reverse the judgment in its favor and remand the case for further proceedings consistent with this opinion.

### Standard of Review

> Our review is essentially *de novo.*  The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially.  The propriety of summary judgment is purely an issue of law.  As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (internal citations omitted).

---

[1] Plaintiff's second amended petition also named as defendants Jesse Clark and Bobbette J. Webb.

[2] While the trial court's judgment did not resolve all issues as to all parties in the case, it did resolve all of the claims brought against Farm Bureau, and we do not find that the trial court abused its discretion in certifying its judgment in favor of Farm Bureau as final for purposes of appeal under Rule 74.01(b).  *See Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137, at *4-5 (Mo. banc Jan. 14, 2020).  All rule references are to Missouri Court Rules (2019).

*Plaintiff's Second Amended Petition*

Plaintiff's Second Amended Petition made the following claims against Farm Bureau that are relevant to this appeal:

25. Upon information [and] belief at the time of the aforesaid incident, [Joseph Webb]'s residence was insured under a medical payments policy issued by [Farm Bureau] and was in full force and effect on August 27, 2017.

26. The policy provides medical payments coverage with unknown limits per person for medical expenses for; a bodily injury arising out of a condition on the **insured premises**[.[3]]

27. [Plaintiff] alleges that:

    (a) she is legally entitled to recover damages from [Farm Bureau] because of medical expenses sustained by [Plaintiff].

    (b) her injuries were caused by a condition on the insured premises[.]

28. All conditions precedent in the Policy have been performed or have occurred.[[4]]

## Farm Bureau's Motion for Summary Judgment

Farm Bureau's motion for summary judgment claimed the following facts to be material and uncontroverted ("Farm Bureau's SUMF"):[5]

---

[3] Plaintiff initially sought recovery under more than one section of the medical-payments provision. However, by the time the motions for summary judgment came before the court for argument, only the applicability of section 2.a., concerning whether the bodily injury arose out of a condition on the insured premises, was argued to the trial court, and that is the only section at issue in this appeal. For that reason, we have omitted all of Farm Bureau's arguments and statements of uncontroverted material facts that are directed to other sections of the medical payments provision.

[4] Plaintiff also included a claim against Farm Bureau for vexatious refusal to pay under section 375.420, RSMo 2000.

[5] To enhance readability, we have omitted Farm Bureau's references to supporting pleadings, discovery, exhibits, and/or affidavits.

1. The dog bite alleged by [Plaintiff] at issue in this lawsuit occurred on the public roadway of [Joseph Webb's street address ("Joseph Webb's address").]

2. The Farm Bureau Policy No. PRO0329157 at issue in this lawsuit had a policy period that began August 12, 2017 through August 12, 2018, and the location shown on the Information Page as the insured premises is [Joseph Webb's address.]

3. The Farm Bureau Policy at issue in this lawsuit contains the following language regarding when Medical Payments to other applies to a person:

   Coverage G – Medical Payments to Others applies to a person, other than an **insured**, when the person sustains a **bodily injury**:

   1. On an **insured premises** with the permission of any **insured**, or

   2. Elsewhere, if the **bodily injury**:

      a. Arises out of a condition on the **insured premises**;

      . . . .

4. The Farm Bureau Policy at issue in this lawsuit contains the following language regarding the definition of "Insured Premises":

   Insured premises – means:

   1. All locations shown on the Information Pages of **your** policy;

      . . . .

   5. The insured premises location shown on the Information Page of the Farm Bureau Policy at issue in this lawsuit is [Joseph Webb's address.]

      . . . .

   10. [Plaintiff] is not listed on the Information Page(s), specifically, but not limited to under any OPTION N – Named Person Medical Payments[.]

11. Jo[s]e[ph] Webb is the Named Insured shown on the Information Page in the Farm Bureau Policy at issue in this lawsuit[.]

12. On or about August 27, 2017 or at time before or after August 27, 2017, Jo[s]e[ph] Webb did not own the dog referenced as "the pitbull-type dog" at issue and referenced in Plaintiff's First Amended [Petition.]

13. Jo[s]e[ph] Webb and his relatives did not own, care for or harbor any dogs at the property located at [Joseph Webb's address] on August 27, 2017[.]

. . . .

15. Neither Jo[s]e[ph] Webb, his relatives, or any employee of his were present at or in the vicinity [of] [Joseph Webb's address] on August 27, 2017[.]

. . . .

17. On or about August 27, 2017, the "pitbull-type dog" at issue and referenced in Plaintiff's First Amended Petition was not in the care of Jo[s]e[ph] Webb or his relatives[.]

. . . .

20. Albert Rinehart and Hailey Clark have claimed ownership of the "pitbull- type dog" named "Buck" at issue in this lawsuit[.]

**Governing Principles of Law**

Rule 74.04 establishes the boundaries of Missouri's summary judgment practice.

Under that rule:

• Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework.

5

• Courts determine and review summary judgment *based on that Rule 74.04(c) record, not the whole trial court record.*

• Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.*

• To come full circle, summary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*.

*Columbia Mut. Ins. Co. v. Heriford*, 518 S.W.3d 234, 239 (Mo. App. S.D. 2017) (emphasis in original) (quoting *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016)) (internal quotation marks and footnotes omitted). Material facts are facts from which the right to judgment flows. *Id.* at 240.

> Generally, the denial of a motion for summary judgment is not reviewable on appeal. An exception exists, however, when the merits of that motion are inextricably intertwined with the issues in an appealable summary judgment granted in favor of another party.

*Kerperian v. Columbia Mut. Ins. Co.*, No. SD 36236, 2020 WL 1181751, at *2 (Mo. App. S.D. Mar. 12, 2020) (internal citations omitted). For ease of analysis, we address Plaintiff's second point first.

**Analysis**

*Point 2*

Plaintiff's second point claims:

> The trial court erred in granting Farm Bureau's Motion for Summary Judgment because Farm Bureau's Motion for Summary Judgment failed to make a *prima facie* showing of a right to judgment in that Farm Bureau's [SUMF] omitted as a material fact that [Plaintiff]'s claim for medical expenses is not an insured risk of the Farm Bureau policy.

6

We agree that Farm Bureau's motion for summary judgment failed to make a *prima facie* showing of a right to judgment, albeit for different reasons. As asserted by Farm Bureau in its SUMF, the medical-payments provision in its policy only provides coverage in the event that Plaintiff "sustains a **bodily injury**" that "[a]rises out of a condition on the **insured premises**[.]"[6] Farm Bureau's SUMF, however, fails to allege that the dog is not "a condition on the insured premises" or that Plaintiff, after an adequate period of discovery, would be unable to present evidence that the dog was "a condition on the insured premises." *See* ***ITT Commercial Fin. Corp***, 854 S.W.2d at 381. As in ***Columbia***, Farm Bureau's SUMF – at best – "categorizes certain selected evidence as material facts, which, if specifically referenced for its secondary role, would inferentially[] support" the material fact that the dog was not a condition on the insured premises. *See* 518 S.W.3d at 242.

Because Farm Bureau's motion for summary judgment never alleged that the dog was not "a condition on the insured premises" or that Plaintiff would be unable to prove that it was, its SUMF failed to make a *prima facie* showing of a right to judgment as a matter of law, and the trial court's judgment in favor of Farm Bureau must be reversed. *See* *id.* at 243; ***ITT Commercial Fin. Corp***, 854 S.W.2d at 381. Point 2 is granted.

*Point 1*

Point 1 claims:

> The trial court erred in granting Farm Bureau's Motion for Summary Judgment and denying [Plaintiff]'s Motion for Summary Judgment by concluding Farm Bureau's medical payments policy provisions do not apply to the dog bite incident at issue by finding as a

---

[6] Because the parties agree that Plaintiff's injuries did not occur on the insured's premises, section 1 of the medical-payments coverage is not applicable.

matter of law that [the dog] is not a "condition on the insured premises" because a reasonable interpretation favoring coverage when considering the whole insurance contract, giving meaning to every word and giving undefined words their plain and ordinary meaning would include dogs qualify as the undefined term "condition" in that the dog had been on the insured premises for over two years before biting [Plaintiff] and Missouri has recognized for over twenty-five years that a dog is a "condition on the premises" for purposes of submitting to juries premises liability claims.

In light of our resolution of Point 2, we need only address Point 1 insofar as it claims that the trial court also erred in denying Plaintiff's motion for summary judgment.

As earlier noted, the general rule is that the denial of a motion for summary judgment may not be appealed. *Kerperian*, 2020 WL 1181751, at *2. Although Plaintiff states in a conclusory manner that the parties' motions for summary judgment are "inextricably intertwined[,]" her brief makes no attempt to convince us that this is so. In the absence of such a showing, the general rule applies, and that the trial court's denial of Plaintiff's motion for summary is not subject to our review. *See id.*

The judgment in favor of Farm Bureau is reversed, and the matter is remanded for further proceedings consistent with this opinion.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

8