

# Missouri Court of Appeals

### Southern District

### Division Two

NORMAN LAWS, )
)
    Appellant, )
) No. SD36707
vs. )
) **FILED: December 30, 2020**
PROGRESSIVE DIRECT INSURANCE )
COMPANY, )
)
    Respondent. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Judge Michael J. Cordonnier

## REVERSED and REMANDED

Norman Laws ("Laws") appeals in five points the trial court's grant of summary judgment in favor of his insurer, Progressive Direct Insurance Company ("Progressive"), regarding a breach of contract dispute over the existence and enforcement of a settlement agreement. Because genuine issues of material fact remain in dispute between the parties, we reverse the judgment and remand for further proceedings.

### Standard of Review and Rule 74.04 Principles of Law[1]

The standard of this Court's review of the trial court's grant of summary judgment is *de novo*. **Green v. Fotoohighiam**, 606 S.W.3d 113, 115 (Mo. banc 2020). "The propriety of summary judgment is purely an issue of law" and an "appellate court need not defer to the trial

---

[1] All rule references are to Missouri Court Rules (2020).

court's order granting summary judgment." ***Great Southern Bank v. Blue Chalk Const., LLC***, 497 S.W.3d 825, 828 (Mo. App. S.D. 2016) (quoting ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993)). Under a *de novo* review, "we apply the same criteria that the trial court should have applied in determining whether summary judgment was properly granted." ***Rice v. Shelter Mut. Ins. Co.***, 595 S.W.3d 537, 539 (Mo. App. S.D. 2020).

> Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. The facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. Only genuine disputes as to material facts preclude summary judgment. A material fact in the context of summary judgment is one from which the right to judgment flows.
>
> . . . .
>
> The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record.

***Green***, 606 S.W.3d at 115-16 (internal citation and quotation omitted).

In this case, Laws brought suit against Progressive for breach of contract and Progressive responded by filing a counterclaim action for declaratory judgment. Progressive filed the motion for summary judgment and, per that motion, is the "defending party" under Rule 74.04. *See* Rule 74.04(b). As the defending party, Progressive establishes a right to summary judgment by showing:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

***Doe as next friend of Doe Minor v. Garagnani***, No. SD36665, 2020 WL 6268278, at *1 n.2 (Mo. App. S.D. Oct. 26, 2020) (quoting ***ITT***, 854 S.W.2d at 381). If a movant's motion fully complies with Rule 74.04(c)(1)'s requirements, "and the movant's stated material facts, to which

movant claims there is no genuine issue, support the movant's right to judgment as a matter of law," then the movant has made a prima facie showing of a right to summary judgment.[2] ***Great Southern Bank***, 497 S.W.3d at 829.

The "burden [then] shifts to the non-movant" to show there are material facts which are genuinely disputed. ***Id.*** If a movant requires an inference to establish the movant's right to summary judgment, and if the record "reasonably supports any inference other than (or in addition to) the movant's inference," then a genuine dispute exists. ***Public Sch. Ret. Syst. of Mo. v. Taveau***, 316 S.W.3d 338, 346 (Mo. App. W.D. 2010) (quoting ***ITT***, 854 S.W.2d at 382). To put a fact in genuine dispute, the non-movant cannot make a general denial but must "support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2); *see* ***Great Southern Bank***, 497 S.W.3d at 829.

"In reviewing summary judgment, we look to the Rule 74.04(c) numbered paragraphs and responses to determine which facts, if any, have been established and which facts, if any, are genuinely disputed." ***Garagnani***, 2020 WL 6268278, at *1 n.1. To withstand an appeal, summary judgment must flow "from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*." ***Green***, 606 S.W.3d at 117-18 (internal citation and quotation omitted).

### Factual and Procedural Background

Laws' petition for breach of contract asserted Progressive offered Laws "$50,000 to resolve his underinsured motorist claim" against Progressive following Laws' automobile accident. Laws' counsel "unconditionally accepted" this $50,000 offer. Laws asserted that "[a]t no time between March 8, 2019, and April 1, 2019, did [Progressive] attempt to retract, modify, change, alter or withdraw its $50,000 offer." Since Progressive had "refused to pay the

---

[2] None of Laws' points on appeal challenge Progressive's prima facie showing of a right to summary judgment. Allegations of error not briefed are not considered in a civil appeal. *See* ***Great Southern Bank***, 497 S.W.3d at 829 n.2. (citing Rule 84.13(a)).

3

additional $25,000" to Laws "which is a breach of contract and vexatious refusal to pay[,]" Laws

requested the trial court to enforce the $50,000 settlement agreement and order Progressive "to

pay the remaining $25,000 owed."[3]

Progressive's motion for summary judgment argued the March 8, 2019 letter which cited

a $50,000 amount did not constitute an "offer[,]" that no contract was formed as a result, and

that the actual offer of $25,000 was contained in the September 5, 2018 letter. Progressive's

motion was accompanied by a statement of uncontroverted material facts ("SUMF") with 13

numbered paragraphs of supporting material facts.

Laws filed a response to Progressive's SUMF, and it is from this response that we

determine the facts on appeal. As pertinent here, Laws admitted all the following:[4]

> 1. On January 24, 2018, Progressive issued policy No. 905187515-G for the policy period February 27, 2018 through August 27, 2018 to [] Laws.[5]

> . . . .

> 4. The policy that was issued to [] Laws on the 1997 Toyota Four Runner provided underinsured motorist coverage of $25,000 for each person and $50,000 for each accident.

> 5. A certified copy of Policy No. 905187515-G issued to [] Laws is attached hereto and incorporated herein by reference.

> 6. On or about April 8, 2018, [] Laws was involved in an automobile accident in the state of Arkansas in the 1997 Toyota Four Runner insured under Policy No. 905187515-G. The other vehicle involved in that accident was insured by State Farm and had policy limits of $25,000.[6]

---

[3] Laws' petition did not refer to the terms of Laws' insurance policy with Progressive. Since Progressive's summary judgment motion did not address the issue of vexatious refusal, nor did the trial court's Judgment or Order, we do not address it further here.

[4] Every admission except paragraphs 11 and 12 was accompanied by the statement that the assertions were a "mischaracterization of an element fact that is merely an evidentiary fact[,]" which Laws claims should be ignored because the assertion was not an element of his claim or was not relevant to the March 8, 2019 $50,000 offer, which Laws unconditionally accepted. Laws admitted paragraphs 11 and 12 were "element fact[s]."

[5] To enhance readability, references to supporting pleadings, discovery, and exhibits have been omitted from excerpted filings in the summary judgment record quoted in this opinion. *See* **Sloan v. Farm Bureau Town & Country Ins. Co.**, 601 S.W.3d 314, 317 n.5 (Mo. App. S.D. 2020).

[6] Laws received a $25,000 settlement offer from State Farm and Progressive agreed to waive its subrogation interest. Any claims Laws might have against State Farm are not at issue in this appeal.

4

7.  On August 29, 2018, counsel for [] Laws submitted a demand to Progressive pursuant to Policy No. 905187515-G on behalf of [] Laws.

8.  On September 5, 2018, Progressive offered to pay [] Laws its underinsured motorist coverage limit of $25,000 and provided [] Laws' counsel a copy of the Declarations page for [] Laws' policy.

9.  On November 2, 2018, Cherie Burrell, a claims representative for Progressive, sent a follow up letter to [] Laws' counsel reiterating that Progressive had offered its limit of $25,000 to resolve [] Laws' underinsured motorist claim on September 5, 2018.

.  .  .  .

11.  On March 8, 2019, Cherie Burrell sent a letter to [] Laws' counsel stating "We extended an offer of $50,000 on September 5, 2018 for the settlement of [Laws'] Underinsured Motorist claim.  To date we have not received a response from you regarding this offer."

12.  [] Laws' counsel sent a letter dated April 1, 2019 in response to the March 8, 2019 letter.

13.  On April 2, 2019, Progressive sent [] Laws' counsel a draft in the amount of $25,000 for the per person limit of underinsured motorist coverage available under Policy No. 905187515-G.[7]

Laws then filed "ADDITIONAL MATERIAL FACTS THAT REMAIN IN DISPUTE PER RULE 74.04(C)(2)" containing 19 numbered paragraphs including 9 assertions which were subsequently disputed by Progressive, three of which are pertinent here.  First, Laws referenced Progressive's March 8, 2019 letter to Laws and asserted this letter "was an offer of settlement for $50,000" from Progressive to Laws.  Progressive denied the March 8, 2019 letter constituted an offer and stated this was a "question of law" to be decided by the trial court.  Second, Laws referenced the April 1, 2019 letter asserting it was an "unconditional acceptance of [Progressive's] $50,000 settlement offer[,]" which Progressive denied.  Third, Laws asserted "[Progressive] made a $50,000 settlement offer to [Laws], which [Laws] accepted[.]" Progressive again denied this assertion.

---

[7] Preceding his admissions to each of the numbered paragraphs in Progressive's SUMF, Laws stated that his claim arose "from the March 8, 2019[] offer [ ] from [Progressive] for $50,000 which [Laws] unconditionally accepted on April 1, 2019[.]"

After a hearing on the motion for summary judgment, the trial court entered both a Judgment and a separate Order, finding no genuine issue of material fact and that Progressive was entitled to judgment as a matter of law.[8]  Laws' timely appeals.  We address only Laws' fourth point as it is dispositive of the other points.

**Analysis**

In point 4, Laws alleges the trial court erred in granting summary judgment for Progressive because "there were genuine issues of material fact in the [s]ummary [j]udgment record as to whether [Progressive] actually offered $50,000 and/or withdrew the terms of the $50,000 offer."  In his supporting argument, Laws points to several assertions from his additional disputed material facts to show that the "element facts which [Progressive] denied in the summary judgment record are that there was an offer, that it was withdrawn and that there was an acceptance of that offer."  Furthermore, Laws argues that "[a]t a *minimum*, the language in the letter offering $50,000 and [Progressive's] denial that it offered $50,000 creates a genuine issue of material fact" which precludes the grant of summary judgment.

To show a valid settlement agreement, "one must prove the essential elements of a contract:  offer, acceptance and consideration." ***Matthes v. Wynkoop***, 435 S.W.3d 100, 107 (Mo. App. W.D. 2014) (internal citation and quotation omitted).  "The existence of a contract is a question of fact." ***Estate of Briggs***, 449 S.W.3d 421, 425 (Mo. App. S.D. 2014).  Similarly, whether a particular writing constitutes an "offer" can be a "disputed material fact" precluding a grant of summary judgment when one party's interpretation of the writing requires an inference

---

[8] The trial court's Order stated:

> The [c]ourt finds the letter from Progressive to [Laws] dated March 8, 2019 was not an offer to [Laws].  Rather, it was merely one of several pieces of correspondence from Progressive to [Laws] inquiring about the status of the offer made on September 5, 2018. The fact that the letter of March 8, 2019 references a different numerical amount than the offer does not belie the fact that the letter specifically references the offer of September 5, 2018.  Based on the facts presented to the [c]ourt, the only offer ever made from [Progressive] to [Laws] was the September 5, 2018, [sic] and that was in the maximum amount [Laws] could ever recover from [Progressive] under his policy of insurance.

6

to substantiate it.  **Olson v. Curators of Univ. of Mo.**, 381 S.W.3d 406, 411-12 (Mo. App. W.D. 2012).  "Where the evidence regarding a contract is conflicting or is capable of more than one inference, the question raised is one of fact for the trier of fact to determine."  **Tinucci v. R.V. Evans Co.**, 989 S.W.2d 181, 184 (Mo. App. E.D. 1998).

We must determine, *de novo*, whether Laws has demonstrated that one or more of the material facts stated in Progressive's SUMF are in fact genuinely disputed.  *See* **Great Southern Bank**, 497 S.W.3d at 834.  Nowhere in Progressive's SUMF did Progressive ever assert material facts demonstrating that Progressive had not made a $50,000 settlement offer to Laws or that its March 8, 2019 letter did not constitute a $50,000 settlement offer.  Instead, Progressive's SUMF merely referred to the September 5, 2018 letter with an offer of $25,000 and quoted the March 8, 2019 letter with a $50,000 offer.  These are both documents and Laws admitted both documents existed.  "[W]here the existence of an item of evidence is categorized as a 'fact' in a SUMF, the opposing party generally has no option other than to admit its existence."  **Columbia Mut. Ins. Co. v. Heriford**, 518 S.W.3d 234, 243 n.11 (Mo. App. S.D. 2017).

Having admitted that these two documents existed, Laws restated his position that the March 8, 2019 letter constituted a $50,000 offer which he unconditionally accepted.  Laws filed a statement of additional disputed material facts asserting the March 8, 2019 letter was an offer and that Laws unconditionally accepted this $50,000 offer in the April 1, 2019 letter sent from Laws' counsel to Progressive.  The disputed fact was not the *existence* of the September 5, 2018 letter or of the March 8, 2019 letter as was set forth in the SUMF, but was whether or not the March 8, 2019 letter constituted a $50,000 offer as opposed to the $25,000 offer contained in the September 5, 2018 letter.

There was a material fact that was genuinely disputed and required an inference to establish Progressive's right to summary judgment.  "Because the record supports two plausible but competing inferences," regarding whether or not the March 8, 2019 letter was a $50,000

7

offer, "the trial court should have found that a genuine dispute of material facts exists." ***Pub. Sch. Ret. Sys. of Mo.***, 316 S.W.3d at 347. Once Laws carried his burden to place material facts in genuine dispute, the trial court erred in granting summary judgment for Progressive. *See **id.*** at 348.

## Conclusion

The Judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS IN SEPARATE OPINION



# Missouri Court of Appeals

### Southern District

#### Division Two

NORMAN LAWS,                                )
                                                            )
        Appellant,                              )
                                                            )        No. SD36707
vs.                                                     )
                                                            )        **FILED:  December 30, 2020**
PROGRESSIVE DIRECT INSURANCE    )
COMPANY,                                      )
                                                            )
        Respondent.                            )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier

**OPINION CONCURRING IN RESULT**

The petition filed by Norman Laws ("Laws") claimed that he was damaged when

Progressive Direct Insurance Company ("Progressive") breached its agreement to pay Laws

$50,000.  I agree with the principal opinion that there is a genuine dispute about whether

Progressive actually offered to pay that amount, but I write separately to point out that the

motion also fails for a more fundamental reason that we may or may not be authorized to

consider.

In its most recent case addressing how appellate courts should review grants of summary

judgment, our supreme court reaffirmed the applicable standard of review as follows:

> The trial court makes its decision to grant summary judgment based on the
> pleadings, record submitted, and the law; therefore, this Court need not defer to

1

the trial court's determination and reviews the grant of summary judgment *de novo*. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts **and** that the movant is entitled to judgment as a matter of law. The facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. Only genuine disputes as to material facts preclude summary judgment. A material fact in the context of summary judgment is one from which the right to judgment flows.

*Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452-53 (Mo. banc 2011) (internal quotation marks and citations omitted, bolding added for emphasis)).

The rule that governs the process of summary judgment requires, among other things, that

[a] statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

Rule 74.04(c)(1).[1]

The first thing that a trial court should do when ruling on a motion for summary judgment is determine whether the moving party's statement of uncontroverted material facts ("SUMF"), if accepted as true, would entitle that party to judgment in its favor as a matter of law. We have referred to this requirement as a *prima facie* showing of a right to judgment under Rule 74.04(c)(1). *See*, *e.g.*, *Columbia Mut. Ins. Co. v. Heriford*, 518 S.W.3d 234, 241 (Mo. App. S.D. 2017). If we apply the same process that the trial court should have used, we quickly discover that Progressive's SUMF fails to allege that Progressive did not offer to pay Laws

---

[1] All rule references are to Missouri Court Rules (2020).

$50,000 – a fact necessary to support Progressive's motion for summary judgment – and we would reverse the judgment on the basis of that failure.

I concur that the judgment in favor of Progressive must be reversed.

DON E. BURRELL, J. – CONCURRING OPINION AUTHOR