

# Missouri Court of Appeals
## Southern District
### Division Two

GREAT SOUTHERN BANK,                          )
                                              )
    Plaintiff-Respondent,             )
                                              )
vs.                                           )    No. SD34165
                                              )
BLUE CHALK CONSTRUCTION, LLC, a               )    Filed August 11, 2016
Missouri Limited Liability Company, HAILEY    )
REAL ESTATE & DEVELOPMENT, LLC, a             )
Missouri Limited Liability Company, and       )
MICHAEL L. HAILEY and NANCY A.                )
HAILEY, husband and wife,                     )
                                              )
    Defendants-Appellants.            )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier

AFFIRMED

Blue Chalk Construction, LLC ("Blue Chalk"), Michael Hailey, Nancy Hailey, and

Hailey Real Estate and Development, LLC ("HRE") (collectively, "Appellants"), appeal from

the summary judgment granted in favor of Great Southern Bank ("Great Southern"). In six

points, Appellants contend the trial court erred in granting summary judgment in favor of Great

Southern because "there were genuine issues of material fact on Appellants' claims" of (1)

breach of fiduciary duty, (2) fraud, (3) breach of contract, and (4) violation of the Missouri

Merchandising Practices Act; and "there was a genuine dispute regarding one or more material

1

facts supporting Appellants' affirmative defenses" of (5) fraud and unclean hands, and (6) breach of the duty of good faith and fair dealing. Finding no merit in Appellants' points, we affirm the trial court's judgment.

### <u>Standard of Review and Applicable Legal Principles Related to Summary Judgment</u>

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (internal citations omitted). Here, judgment was entered against Appellants. Therefore, we view the record in the light most favorable to them and, as the non-movants, accord them the benefit of all reasonable inferences. *Id.*

"The language of Rule 74.04 establishes the boundaries of Missouri's summary judgment practice." [1] *Id.* at 380. "'Because the underlying purpose of Rule 74.04 is directed toward helping the court expedite the disposition of [the] case, compliance with the rule is mandatory.'" *Pub. Sch. Ret. Sys. of Missouri v. Taveau*, 316 S.W.3d 338, 343 (Mo.App. 2010) (quoting *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo.App. 2009)).

Under that rule, the first inquiry is the identification of the movant and whether the movant is a "claimant," *see* Rule 74.04(a), or a "defending party," *see* Rule 74.04(b). Here,

---

[1] References to rules are to Missouri Court Rules (2016).

2

Great Southern is the movant, and it is both a "claimant," as related to the claims in its petition and the affirmative defenses to those claims raised by Appellants in their answer (Appellants' points 5 and 6), and a "defending party," as related to the claims raised by Appellants in their counterclaims (Appellants' points 1 through 4).

The second inquiry is whether the movant's motion for summary judgment properly pleads all of the elements as detailed in Rule 74.04(c)(1). *See **ITT Commercial Fin. Corp.***, 854 S.W.2d at 380. As claimant, Great Southern "must establish that there is no genuine dispute as to those material facts upon which [it] would have had the burden of persuasion at trial." ***Id.*** at 381. Also as claimant, Great Southern's "right to judgment depends just as much on the *non-viability* of [all] affirmative defense[s] as it does on the *viability* of [Great Southern's] claim." ***Id.*** "Unlike the burden of establishing *all* of the facts necessary to [its] claim, however, the claimant may defeat an affirmative defense by establishing that *any one* of the facts necessary to support the defense is absent." ***Id.*** As defending party to Appellants' counterclaims, summary judgment is established where Great Southern shows:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

***Id.***

This Rule 74.04(c)(1) inquiry focuses only upon the movant's summary judgment motion and its required elements. *See **ITT Commercial Fin. Corp.***, 854 S.W.2d at 381 (what the non-movant has said or done is irrelevant at this stage in the proceedings). If the movant's motion fully complies with the requirements of Rule 74.01(c)(1) and the movant's stated material facts, to which movant claims there is no genuine issue, support the movant's right to judgment as a

3

matter of law, then the movant has made what our supreme court has described as a "prima facie showing" of a right to summary judgment. ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 380-81. Here, none of Appellants' points challenge Great Southern's prima facie showing of a right to summary judgment as a claimant on its petition or as a defending party on Appellants' counterclaims.[2]

The third and final inquiry occurs only when the movant has made "a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law[.]" ***Id.*** at 381. At that point, the burden shifts to the non-movant to show that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." ***Id.*** "To put a fact in 'genuine dispute,' the non-movant may not rely on a general denial, but, instead, must support that denial with 'specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for trial.'" ***Reverse Mortgage Sols., Inc. v. Estate of Hunter***, 479 S.W.3d 662, 666 (Mo.App. 2015) (citing and quoting ***Pub. Sch. Ret. Sys. of Mo.***, 316 S.W.3d at 346) (citing Rule 74.04(c)(2))). "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts." ***Wallingsford v. City of Maplewood***, 287 S.W.3d 682, 685 (Mo. banc 2009).

### Factual and Procedural Background

Great Southern filed a petition against Appellants alleging that Appellants had failed to pay the balance due on five promissory notes and five guaranties tied to loans that Great Southern had previously extended to Appellants.[3] Appellants answered with a general denial

---

[2] "[A]llegations of error not briefed . . . shall not be considered in any civil appeal[.]" Rule 84.13(a).

[3] Great Southern set out each note in an individual count and the five guaranties as two collective counts for a total of seven counts. Each count pertains specifically to the relevant appellants. The identity of each appellant in relation to the notes and guaranties is not critical to our resolution of this case on appeal, therefore, we refer to the

4

and fifteen affirmative defenses. Appellants also filed essentially mirror-image counterclaims alleging claims for fraud, violation of the Missouri Merchandising Practices Act, breach of fiduciary duty, punitive damages, and breach of contract.

Great Southern filed a motion for summary judgment concerning all claims in its petition and in Appellants' counterclaims. In addition to Suggestions in Support, Great Southern's motion was accompanied by a Statement of Uncontroverted Material Facts that included 130 numbered paragraphs of what it contends are material facts with specific references to supporting documents.[4] Appellants filed a response to Great Southern's motion for summary judgment, and it is from this response that we determine the facts on appeal. As pertinent here, Appellants admitted:[5]

> 3. Michael Hailey has been the sole member of Blue Chalk since its formation.
>
> . . .
>
> 5. Michael Hailey and Nancy Hailey have been the only members of HRE since its formation, each owning a 50% interest.
>
> . . .
>
> 7. On August 31, 1999, in consideration for a loan from Great Southern, HRE executed and delivered a Promissory Note payable to Great Southern in the

---

parties generically as Appellants for simplicity even though all Appellants may not be involved in the resolution of a particular count.

[4] Whether any particular numbered paragraph is actually a material fact or merely a recital of Great Southern's evidence mischaracterized as a material fact, *see Custer v. Wal-Mart Stores E. I, LP*, No. SD 34132, 2016 WL 3356562, at *2 (Mo.App. S.D. June 15, 2016), is not reviewed by this court because Appellants do not dispute that Great Southern made a prima facie showing of a right to judgment as a matter of law. *AgriBank FCB v. Cross Timbers Ranch, Inc.*, 919 S.W.2d 263, 267 (Mo.App. 1996) (Although the requirements of Rule 74.04 are not subject to waiver, it is "significant that the opposing party . . . made no objection at the trial level to the violation of the precise requirement of the rule."). Nevertheless, all motion counsel, whether the movant or non-movant, should take care to comply with the explicit requirements of Rule 74.04 at all stages of a summary judgment proceeding.

[5] We have included some numbered paragraphs that are *deemed* admitted because Appellants did not appropriately support their purported denials. Rule 74.04(c)(2) ("A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered response."). Most of these deemed admissions occurred because Appellants' denials did not rest upon specific references to "affidavits, depositions, answers to interrogatories or admissions to show the existence of a genuine issue for trial." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 113 (Mo.App. 2008).

original principal amount of $395,000.00 which was thereafter modified by Change in Terms Agreements . . . .

. . .

9. Payment of the HRE Loan was secured by a Deed of Trust granted by HRE in favor of Great Southern covering certain real property in Jasper County, Missouri . . . .

. . .

11. Payment of the HRE Loan was personally and unconditionally guaranteed by Michael Hailey, Nancy Hailey, and Blue Chalk.

. . .

13. HRE admits that it defaulted on the HRE Loan by not paying the balance thereof when it matured on June 28, 2013.

. . .

17. On June 20, 2013, Great Southern exercised its right to appoint a successor trustee under the HRE Deed of Trust, and appointed GRE, LLC ("GRE") as the successor trustee.

. . .

22. On January 30, 2007, in consideration for a loan from Great Southern, Blue Chalk executed and delivered a Promissory Note payable to Great Southern in the original principal amount of $306,795.00 which was thereafter modified by Change in Terms Agreements . . . .

. . .

25. Payment of Note 1877 was secured by a Deed of Trust covering property located at 1817 Cattails Drive, Joplin, Missouri . . . .

. . .

26. Payment of Note 1877 was guaranteed by HRE and Michael Hailey.

. . .

30. Blue Chalk admits that it defaulted by not paying the balance of Note 1877 when it matured on June 28, 2013.

. . .

6

34. On June 20, 2013, Great Southern appointed GRE as the successor trustee under the Note 1877 Deed of Trust.

. . .

38. On June 16, 2006, in consideration of a loan from Great Southern, Blue Chalk executed and delivered a Promissory Note payable to Great Southern in the original principal amount of $92,950.00 which was thereafter modified by Change in Terms Agreements . . . .

. . .

39. Payment of Note 1509 was secured by a Deed of Trust covering property located at 2122 West A Street, Joplin, Missouri.

. . .

40. Payment of Note 1509 was guaranteed by HRE and Michael Hailey.

. . .

45. Blue Chalk admits that it defaulted by not paying the balance of Note 1509 when it matured on June 14, 2013.

. . .

49. On June 20, 2013, Great Southern appointed GRE as the successor trustee under the Note 1509 Deed of Trust.

. . .

53. On January 30, 2006, in consideration of a loan from Great Southern, Blue Chalk executed and delivered a Promissory Note payable to Great Southern in the original principal amount of $200,000.00 which was thereafter modified by Change in Terms Agreements . . . .

. . .

54. Payment of Note 3513 was secured by a Deed of Trust covering property located at 4322 Blue Heron, Joplin, Missouri.

. . .

55. Payment of Note 3513 was guaranteed by HRE and Michael Hailey.

. . .

59. Blue Chalk admits that it defaulted by not paying the balance of Note 3513 when it matured on June 28, 2013.

7

. . .

63. On June 20, 2013, Great Southern appointed GRE as the successor trustee under the Note 3513 Deed of Trust.

. . .

67. On April 10, 2008, in consideration of a loan from Great Southern, Blue Chalk executed and delivered a Promissory Note payable to Great Southern in the original principal amount of $116,300.00 which was thereafter modified by Change in Terms Agreements . . . .

. . .

68. Payment of Note 4901 was secured by a Deed of Trust covering property located at 2116 West A Street, Joplin, Missouri.

. . .

69. Payment of Note 4901 was guaranteed by HRE and Michael Hailey.

. . .

73. Blue Chalk admits that it defaulted by not paying the balance of Note 4901 when it matured on June 15, 2013.

. . .

77. On June 20, 2013, Great Southern appointed GRE as the successor trustee under the Note 4901 Deed of Trust.

. . .

81. GRE was formed as a Missouri limited liability company on October 5, 2011.

. . .

82. Great Southern is the sole member of GRE and has been since its formation.

. . .

83. One of the purposes for which GRE was formed was to act as the trustee under deeds of trust granted to Great Southern in conducting foreclosures where a default occurred and Great Southern made the decision not to refer the same to outside counsel.

. . .

8

93.  On August 23, 2013, Jason Raikos . . . conducted trustee's sales under the HRE Deed of Trust, the Note 1817 Deed of Trust, the Note 1509 Deed of Trust, the Note 3513 Deed of Trust, and the Note 4901 Deed of Trust and [sic] the time and location stated within each sale notice.

. . .

109.  The [Appellants] admit they are aware of no evidence that Jason Raikos did anything to influence or otherwise chill the bidding at the foreclosure sales.

. . .

111.  The [Appellants] admit they have no evidence that Jason Raikos provided any advice to Great Southern regarding how much it should bid at the foreclosure sales.

. . .

113.  The [Appellants] admit they have no evidence that the bidding at the foreclosure sales was anything other than open and competitive.

. . .

118.  The [Appellants] cannot identify anything Jason Raikos did at the foreclosure sales which amounted to him advocating for Great Southern.

. . .

119.  The [Appellants] cannot identify any specific action that GRE took at the foreclosures that resulted in any of the sales being conducted unfairly or in a manner resulting in bid amounts being too low.

. . .

120.  The [Appellants] cannot identify any manner in which the bidding at the foreclosure sales was impacted by GRE being the trustee.

. . .

129.  [Appellants'] expert witness, Sara Rittman testified that Jason Raikos owed duties to his client, Great Southern, under the Rules of Professional Conduct that she believed he violated, but she knew of no actions by Raikos that were adverse to Great Southern's interests.  Nor did she believe that he violated any duties as an attorney to [Appellants] under the Rules of Professional Conduct.

. . .

(Specific references to supporting documents omitted.)

9

The trial court entered judgment granting Great Southern's motion for summary judgment on all counts in the petition and all counts of Appellants' counterclaims.

Appellants timely appeal, raising six points of alleged trial court error. All of their points contend the trial court erred in entering summary judgment in favor of Great Southern because genuine issues exist as to certain "material facts" in its counterclaims (points 1-4) and in its affirmative defenses to the claims made in Great Southern's petition (points 5 and 6). Because all of Appellants' points and the arguments in support of those points fail in the same manner to conform to the procedural requirements of Rule 74.04, we discuss them together and deny them all.

## Discussion

Rule 74.04(c) sets forth the procedural requirements for developing the summary judgment record and, as a part of that process, the requirements for a motion for summary judgment and any response to that motion. A motion for summary judgment *shall* summarily state the legal basis of the motion, *shall* have an attached statement of uncontroverted material facts, and *shall* be accompanied by a separately filed legal memorandum explaining why summary judgment should be granted. Rule 74.04(c)(1). The statement of uncontroverted material facts "*shall* state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts" and a copy of those supporting documents *shall* be attached to the statement. Rule 74.04(c)(1) (emphasis added).

The non-movant "*shall* serve a response on all parties." Rule 74.04(c)(2) (emphasis added). The response "*shall* set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2)

10

(emphasis added). Any denials "*shall* [be supported by] specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial[]" and "[a]ttached to the response *shall* be a copy of all discovery, exhibits or affidavits on which the response relies." Rule 74.04(c)(2) (emphasis added). "The response *may* also set forth additional material facts that remain in dispute, which *shall* be presented in consecutively numbered paragraphs and supported in the manner prescribed by Rule 74.04(c)(1)." Rule 74.04(c)(2) (emphasis added).

Once a trial court determines that the movant's Rule 74.04(c)(1) motion for summary judgment demonstrates a prima facie showing of movant's right to judgment,[6] the trial court then, and only then, turns to the non-movant's denials in the non-movant's Rule 74.04(c)(2) response to determine if the non-movant has demonstrated that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 381. For each material fact the non-movant claims is genuinely disputed and therefore defeats the movant's prima facie showing of a right to judgment, the non-movant must direct the trial court to a particular numbered paragraph in

---

[6] If the trial court determines that the motion does not demonstrate a prima facie showing of a right to judgment, then the motion should be denied without any consideration as to whether there is a genuine issue as to any of the movant's stated material facts. In determining whether the motion makes such a prima facie showing, the trial court should consider whether the movant's specifically referenced evidentiary support actually supports the existence of each particular stated material fact giving rise to the movant's right to judgment. If any stated material fact is not so supported by the movant, then the movant has failed to make a prima facie showing, and the motion should be denied. *See **Taggart v. Maryland Cas. Co.***, 242 S.W.3d 755, 760 (Mo.App. 2008) (trial court cannot consider issues raised in a Rule 74.04(c)(3) reply for the first time). Also, in determining whether the movant's motion makes a prima facie showing, the trial court should consider the non-movant's statement of additional material facts *remaining in dispute*, *see* Rule 74.04(c)(2)(emphasis added), the movant's reply to those facts, *see* Rule 74.04(c)(3), the movant's statement of additional material facts as to which the movant claims there is no genuine issue, *see **id.***, and the non-movant's sur-reply to those facts, *see* Rule 74.04(c)(4). If those additional facts demonstrate that the movant's motion for summary judgment omitted a material fact, then the movant has failed to make a prima facie showing, and the motion should be denied. *See **Shellabarger v. Shellabarger***, 317 S.W.3d 77, 84 (Mo.App. 2010) (when additional material facts are needed to make a prima facie showing, the movant should withdraw the original motion and file a new or amended motion incorporating the additional facts). In this appeal, we need not consider any of the subsequently pleaded additional alleged material facts because none of Appellants' points challenge the trial court's determination that Great Southern's motion for summary judgment made a prima facie showing of a right to judgment.

11

movant's statement of uncontroverted material facts that is denied in the non-movant's response. The trial court then considers the movant's specific references in that numbered paragraph to the pleadings, discovery, exhibits, or affidavits attached to the movant's statement supporting the existence of that material fact, *see* Rule 74.04(c)(1); considers the non-movant's specific references to the discovery, exhibits, or affidavits attached to the response supporting the non-movant's denial of that material fact, *see* Rule 74.04(c)(2); and then compares the two sets of specifically referenced evidence to ascertain the existence of a genuine issue as to that particular numbered paragraph material fact. Rule 74.04 does not authorize the trial court to consider any other evidence as to whether a genuine issue exists as to that particular numbered paragraph material fact.

Our *de novo* standard of review means that we look at the summary judgment issues presented on appeal as the trial court should have initially under Rule 74.04, and we give no deference to the trial court's ruling. **ITT Commercial Fin. Corp.**, 854 S.W.2d at 376. Therefore, a relevant, cogent, and logical argument on appeal that a genuine issue exists as to a particular material fact must necessarily track the Rule 74.04 requirements in the same manner as discussed in the preceding paragraph as applicable to the trial court.

Appellants make no such argument in their brief for any of their points. Our review of their points and the argument sections of their brief for those points reveals that they are totally devoid of any reference to or mention of any particular numbered paragraph material fact in the summary judgment record that they denied in their response and that they now claim is genuinely at issue.[7] Rather, completely untethered from any particular numbered paragraph

---

[7] In their arguments as to points two and four, Appellants cite to their response to Great Southern's statement of uncontroverted material facts three times. Each of these generally cite to page 2126 in the legal file that contains multiple numbered paragraphs of material facts and none refers to a particular numbered paragraph material fact on that page. Nevertheless, not one of these three citations involves a genuine issue of material fact because they are

12

material fact in the summary judgment record or any specific reference in any such numbered paragraph as an exhibit, Appellants generally cite 96 times directly to exhibits attached to Great Southern's statement of uncontroverted material facts or their response to that statement and five times to Great Southern's response to Appellants' motion for partial summary judgment.[8] Appellants combine these purported documentary citations with citations to case law related to the purported legal elements of their various claims and affirmative defenses.[9] Appellants characterize these legal elements as "material facts," and then proceed to argue that the cited exhibits create genuine issues as to the existence of certain of those elements. Arguments, such as this, that are completely disconnected from the numbered paragraph material facts in the summary judgment record, as required by Rule 74.04, are analytically useless in an appellate review that requires this court to properly apply Rule 74.04. In addition, they provide no legal basis for concluding that the trial court did not comply with that rule.

Appellants' argument is nothing more than an invitation for this court to look outside the Rule 74.04(c) summary judgment record that contains the material facts with specific references to attached documents. This exceeds the limits of *de novo* review.

> A trial court grants or denies motions for summary judgment on the basis of what is contained in the motion for summary judgment and the responses thereto. On appeal, our review is confined to the same facts and does not extend to the entire

---

cited to support Appellants' statements in their brief that are consonant with Great Southern's stated material facts on that page of the legal file. They are:
- "GRE was formed in October of 2011 [to perform the duties of Successor Trustee.]"
- "Specifically the bank originated the idea of forming GRE to conduct foreclosure sales, and Great Southern formed GRE as a Missouri limited liability company on October 5, 2011."
- "The bank originated the idea of forming GRE to conduct foreclosure sales, and Great Southern formed GRE as a Missouri limited liability company on October 5, 2011."

[8] Appellants also filed a motion for partial summary judgment. Appellants provide no explanation or legal authority for whether or how the summary judgment record generated by their motion for partial summary judgment has any relevance or applicability to the summary judgment record for Great Southern's motion for summary judgment.

[9] Legal authorities related to the abstract elements of a claim or affirmative defense are highly relevant and useful in determining whether any particular fact stated by a movant is material and whether a movant has made a prima facie showing of a right to judgment based upon the movant's stated material facts. However, they provide little, if any, analytical value as to whether a genuine issue exists as to a particular numbered paragraph material fact in the summary judgement record.

13

record before the trial court.  We will not consider "facts" that are not set out as "facts in dispute."

***Holzhausen v. Bi-State Dev. Agency***, 414 S.W.3d 488, 494 (Mo.App. 2013); *see also **Lackey v. Iberia R-V Sch. Dist.***, 487 S.W.3d 57, 60-62 (Mo.App. 2016).

Addressing Appellants' arguments would also require this court to become Appellants' advocate, a role we cannot assume:

> Movants often cite primarily or exclusively to affidavits, exhibits, and discovery—material with a critical *supporting* role in our numbered-paragraphs-and-responses framework.  Courts cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates.  Rule 74.04(c) aims at benefiting trial and appellate courts to expedite the disposition of cases[;] noncompliance with these requirements is not a matter subject to waiver by a party.

***Lackey***, 487 S.W.3d at 62 (internal citations and quotations omitted).  While ***Lackey*** was concerned with whether the movant's motion made a prima facie showing of a right to judgment, *id.* at 61, the advocacy observation made by the ***Lackey*** court applies with equal force to a non-movant's burden to demonstrate the existence of a genuine dispute as to a material fact in the summary judgment record.  Appellants urge this court to find the existence of a genuine issue of material fact based solely upon their isolated citations to portions of attached exhibits and to the abstract case-law elements of their claims and affirmative defenses.  To grant such relief in accordance with Rule 74.04 would require us to identify for Appellants the particular numbered paragraph material fact in the summary judgment record that corresponds to the relevant cited case-law element, ascertain whether Appellants' cited portions of the exhibits are specifically referenced in their denial in their response to that particular numbered paragraph, and then, if so, fashion an argument for Appellants as to how those specifically referenced portions of those exhibits establish a plausible but contradictory account of that fact, i.e., a genuine issue, as opposed to Great Southern's specifically referenced evidentiary support for the existence of that

14

particular numbered paragraph material fact. Such actions are the essence of advocacy and would thrust this court into the prohibited role of an advocate for Appellants.

Our *de novo* review does not grant Appellants license to craft arguments on appeal free from the constraints of Rule 74.04. Rather, our *de novo* decision on appeal must be in accordance with *all* the requirements of Rule 74.04 and, therefore, must be made in the very same manner the trial court should have applied that rule in the first instance. Comparing the movant's specifically referenced evidence in a particular numbered paragraph material fact to the specifically referenced evidence in the non-movant's denial of that particular material fact for the existence of a genuine issue, as contemplated and required under Rule 74.04, assures that the appellate court is deciding the same issue as presented to and decided by the trial court. For an appellate court to do otherwise, as urged by Appellants here, would decide the appeal on a basis that was not necessarily presented to or considered and decided by the trial court and would not be appropriate. *See In re Estate of L.G.T.*, 442 S.W.3d 96, 108 (Mo.App. 2014) (an issue which is not presented or expressly decided by a trial court is not preserved for appellate review).

Because Appellants have not demonstrated a genuine issue as to any particular numbered paragraph material fact in the Rule 74.04(c) summary judgment record, we cannot conclude that the trial court erroneously granted summary judgment as contended by Appellants. All six of Appellants' points are denied.

## Conclusion

The trial court's judgment in favor of Great Southern is affirmed.


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

DANIEL E. SCOTT, J. – concurs

15