

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| CASSANDRA COX, | ) | |
| | ) | |
| Appellant, | ) | WD85350 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | February 7, 2023 |
| CALLAWAY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Callaway County, Missouri**
The Honorable J. HasBrouck Jacobs, Judge

Before Special Division: Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge, and Timothy J. Flook, Special Judge

Cassandra Cox ("Cox") appeals from the trial court's entry of summary judgment in favor of Callaway County, Missouri ("Callaway County") and fourteen correctional officers employed by Callaway County at the Callaway County Jail ("Individual Defendants") (collectively "Defendants"). Cox argues that genuine issues of material fact precluded the trial court's entry of summary judgment to: (1) Individual Defendants on the

basis of official immunity; (2) Defendants on the grounds that they were not the proximate cause of Cox's injuries; and (3) Callaway County on the basis of sovereign immunity. Finding no error, we affirm.

## Factual and Procedural History[1]

Cox's lawsuit arises out of a "cardiac event" Cox experienced while detained at the Callaway County Jail on the morning of February 28, 2016. On or prior to February 26, 2016, Cox used methamphetamine. At 4:37 a.m. on February 26, 2016, Officer Sean Wisswell ("Officer Wisswell"), a non-defendant police officer with the Fulton Police Department, responded to a private property accident report in Fulton, Missouri, where a vehicle ran over a curb and struck a pole. Cox was asleep in the driver's seat and the vehicle was still in "drive." Cox performed several field sobriety tests for Wisswell, which indicated she was impaired, and Wisswell placed Cox under arrest. A search of Cox's car revealed marijuana, suspected methamphetamine, and drug paraphernalia. A drug recognition expert determined that Cox was under the influence of central nervous system stimulants, as well as cannabis. Between 5:45 a.m. and 6:07 a.m., Cox's pulse was taken three times and it measured between 82 and 84 beats per minute each time. At approximately 7:30 a.m., Wisswell transported Cox to the Callaway County Jail.

At some point after booking at the Callaway County Jail, Cox indicated that she "wanted to die," and she was placed in an observation cell, in isolation, wearing a suicide

---

[1]"When reviewing the entry of summary judgment, we view the record in the light most favorable to the party against whom the judgment was entered and accord the non-movant all reasonable inferences from the record." *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 604 n.2 (Mo. App. W.D. 2022) (citing *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020)). We have compiled the factual background from the properly supported uncontroverted facts contained within the summary judgment pleadings. *Id.*

prevention suit. Meal refusal forms indicate that Cox refused her lunch and dinner on February 26 and her breakfast on February 28. Callaway County Jail records reflect that during Cox's approximate forty-eight-hour-stay in the Callaway County Jail, correctional officers recorded that they checked on Cox on seventy-one separate instances.

A 7:24 a.m. on February 28, an Individual Defendant observed that Cox was having a medical emergency. Two of the Individual Defendants called for an ambulance and administered aid to Cox. When emergency responders arrived, Cox had a weak and slow pulse. The emergency responders resuscitated Cox and transported her to the hospital. Cox survived.

On June 19, 2020, Cox filed a lawsuit in the Circuit Court of Callaway County against Defendants, asserting fourteen claims of negligence against Individual Defendants in their official and individual capacities and a claim of respondent superior against Callaway County. On October 6, 2021, Defendants filed a motion for summary judgment which argued that the undisputed facts failed to support Cox's claims because: (1) official immunity shields Individual Defendants from liability in their individual capacities in that the duties outlined in the Callaway County Sheriff's Office Jail Policy and Procedural Manual ("Policy Manual") which they allegedly violated are discretionary rather than ministerial in nature; (2) sovereign immunity protects Callaway County and Individual Defendants from liability in their official capacities because Callaway County's purchase of liability coverage did not constitute a waiver of sovereign immunity; and (3) even if Cox could overcome Defendants' immunity, Cox failed to establish that any conduct by Defendants caused her injury. Cox filed a response to Defendants' motion for summary

judgment, as well as a "Statement of Additional Material Facts in Opposition to Defendants' Motion for Summary Judgment" which set forth seventy-one additional facts.

On April 4, 2022, the trial court entered summary judgment in favor of Defendants ("Judgment"), finding that no material factual dispute exists and Defendants are entitled to judgment as a matter of law. The Judgment found that Callaway County's purchase of liability coverage did not constitute a waiver of sovereign immunity by Callaway County or Individual Defendants in their official capacities, and that "[n]one of the policies [Cox] alleges [Individual Defendants] violated [in their individual capacities] impose a ministerial duty. . . . As such, [Cox] has not identified any ministerial duties that any of the Individual Defendants violated with respect to their care of [Cox]." The Judgment also found that the uncontroverted material facts do not support a finding that Defendants were the proximate cause of Cox's cardiac event in that Cox's expert opined that the cardiac event was "precipitated by tachycardia" Cox experienced at the Callaway County Jail; however, Cox "admits that the objective evidence reveals that she was not tachycardic at any time while she was at [the] Callaway County Jail."

Cox appeals.

## Standard of Review

We review the grant of summary judgment *de novo*. *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 607 (Mo. App. W.D. 2022). Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).[2] "In determining whether the entry of summary judgment was appropriate, we 'review[] the record in the light most favorable to the party against whom judgment was entered, and give[] the non-movant the benefit of all reasonable inferences from the record.'" *Show-Me Inst.*, 645 S.W.3d at 607 (quoting *Estes as Next Friend for Doe v. Bd. of Trs. of Mo. Pub. Entity Risk Mgmt. Fund*, 623 S.W.3d 678, 686 (Mo. App. W.D. 2021)).

Defending parties, such as Defendants, are entitled to summary judgment if they demonstrate one of the following:

> (1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able to—and will not be able to—produce evidence sufficient to allow the trier of fact to find the existence of one of the claimant's elements; or (3) facts necessary to support [their] properly pleaded affirmative defense.

*Sansone v. Governor of Mo.*, 648 S.W.3d 13, 20 (Mo. App. WD. 2022) (quoting *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 437 (Mo. banc 2013)). "Where summary judgment has been granted based on the affirmative defense of official immunity, the appellate court must consider whether there is a genuine dispute as to the existence of facts necessary to

---

[2]All rule references are to Missouri Supreme Court Rules (2021), unless otherwise indicated.

support the affirmative defense." *J.M. v. Lee's Summit Sch. Dist.*, 545 S.W.3d 363, 368-69 (Mo. App. W.D. 2018) (quoting *Elias v. Davis*, 535 S.W.3d 737, 741 (Mo. App. W.D. 2017)).

## Analysis

Cox raises three points on appeal, challenging each of the grounds relied upon by the trial court in its entry of summary judgment. In her first point, Cox argues that the trial court erred in finding that Individual Defendants in their individual capacities are entitled to official immunity. In her second point on appeal, Cox asserts that the trial court erred in granting summary judgment for Defendants on the basis that they are not the proximate cause of her injuries. In her third point on appeal, Cox contends that a genuine issue of material fact precluded the trial court's conclusion that Callaway County is shielded by sovereign immunity.[3] We address these points separately and out of order.

***Point One: The trial court did not err in granting summary judgment for Individual Defendants in their individual capacities on the basis that they are entitled to official immunity.***

Cox's first point relied on states: "The trial court erred in granting summary judgment for the Individual Defendants on the grounds that they were shielded by official immunity because [Cox] presented substantial evidence that the Individual Defendants violated ministerial duties and thus official immunity does not apply." Although Cox's point relied on refers to the presentation of "substantial evidence," in the argument portion

---

[3]Although the trial court granted summary judgment in favor of Callaway County and Individual Defendants in their official capacities on the basis of sovereign immunity, Cox only claims error in the grant of summary judgment in favor of Callaway County on this basis. Cox's has thus abandoned any claim of error in the grant of summary judgment in favor of Individual Defendants in their official capacities on the basis of sovereign immunity.

of her brief, Cox argues: (i) that genuine issues of material fact remain in dispute regarding whether Individual Defendants violated six sections of the Policy Manual, and (ii) that uncontroverted facts establish that those sections of the Policy Manual impose mandatory duties that are not subject to official immunity. Cox's point relied on does not fairly contemplate the arguments advanced in her brief, preserving nothing for our review. *KDW Staffing, LLC v. Grove Constr., LLC*, 584 S.W.3d 833, 837-38 (Mo. App. W.D. 2019) (citing Rule 84.04(d)(1)).

Even if this material briefing deficiency could be overlooked, we would not find that Cox has demonstrated that genuine issues of material fact remain in dispute preventing the entry of summary judgment in favor of Individual Defendants on the basis of official immunity as a matter of law, or that uncontroverted facts establish that Individual Defendants are not entitled to official immunity as a matter of law. That is because the argument portion of Cox's brief is not supported by any reference to Rule 74.04(c) paragraphs or responses, fatally impeding appellate review.

Rule 74.04 governs summary judgment practice in Missouri and compliance with the rule is mandatory. *Great S. Bank v. Blue Chalk Constr.*, 497 S.W.3d 825, 828 (Mo. App. S.D. 2016). "Where, as here, the movant is the defending party relying on an affirmative defense, summary judgment is only appropriate if the movant establishes 'that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.'" *Steinbach v. Maxion Wheels Sedalia LLC*, 637 S.W.3d 493, 501 (Mo. App. W.D. 2021) (quoting *ITT Com. Fin. Corp. v. Mid-*

7

*Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993), *superseded by rule on other grounds as recognized in Green v. Fotoohighiam*, 606 S.W.3d 113 (Mo. banc 2020)).

Rule 74.04(c)(1) thus required Individual Defendants to "attach to the motion for summary judgment a statement of uncontroverted material facts that 'state[s] with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts'" supporting judgment as a matter of law on the affirmative defense of official immunity. *Green*, 606 S.W.3d at 116 (quoting Rule 74.04(c)(1)). Rule 74.04(c)(2) then "required [Cox] to file a response either admitting or denying the movant's material facts" by setting "forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of [Individual Defendants'] factual statements." *Green*, 606 S.W.3d at 117 (quoting Rule 74.04(c)(2)). "[T]he response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial. Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies." Rule 74.04(c)(2). "The response may also set forth additional material facts that remain in dispute, which shall be presented in consecutively numbered paragraphs and supported in the manner prescribed by Rule 74.04(c)(1)." *Id.* Once these steps were taken, the trial court was obligated to address the merits of Individual Defendants' request for summary judgment based on the affirmative defense of official immunity as follows:

8

Once a trial court determines that the movant's Rule 74.04(c)(1) motion for summary judgment demonstrates a prima facie showing of movant's right to judgment, the trial court then, and only then, turns to the non-movant's denials in the non-movant's Rule 74.04(c)(2) response to determine if the non-movant has demonstrated that 'one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed.' For each material fact the non-movant claims is genuinely disputed and therefore defeats the movant's prima facie showing of a right to judgment, the non-movant must direct the trial court to a particular numbered paragraph in movant's statement of uncontroverted material facts that is denied in the non-movant's response. The trial court then considers the movant's specific references in that numbered paragraph to the pleadings, discovery, exhibits, or affidavits attached to the movant's statement supporting the existence of that material fact; considers the non-movant's specific references to the discovery, exhibits, or affidavits attached to the response supporting the non-movant's denial of that material fact; and then compares the two sets of specifically referenced evidence to ascertain the existence of a genuine issue as to that particular numbered paragraph material fact. Rule 74.04 does not authorize the trial court to consider any other evidence as to whether a genuine issue exists as to that particular numbered paragraph material fact.

*Blue Chalk*, 497 S.W.3d at 833-34 (quoting *ITT*, 854 S.W.2d at 381).

Because this Court reviews the grant of summary judgment *de novo*, we are required to analyze Cox's first point on appeal employing the same technique. *Blue Chalk*, 497 S.W.3d at 834. "Therefore, a relevant, cogent, and logical argument on appeal that a genuine issue exists as to a particular material fact must necessarily track the Rule 74.04 requirements[.]" *Id.* The same is true where an appellant urges that relevant uncontroverted facts prevent the entry of summary judgment as a matter of law. "[A]ny court--whether it be the circuit court addressing summary judgment in the first instance or an appellate court reviewing an entry of summary judgment--need only consult what was properly put before it by way of Rule 74.04(c) paragraphs and responses." *Green*, 606 S.W.3d at 121.

9

The argument portion of Cox's brief lacks *any* reference to or mention of specific Rule 74.04(c) paragraphs and responses to support her contention that genuine issues of fact remain in dispute about whether Individual Defendants violated the Policy Manual, or her contention that uncontroverted facts establish that the sections of the Policy Manual on which she relies imposed mandatory duties.[4]  "Arguments . . . that are completely disconnected from the numbered paragraph material facts in the summary judgment record, as required by Rule 74.04, are analytically useless in an appellate review that requires this court to properly apply Rule 74.04.  In addition, they provide no legal basis for concluding that the trial court did not comply with that rule."  *Blue Chalk*, 497 S.W.3d at 835.

The argument portion of Cox's brief does cite to exhibits that were attached to her summary judgment response to support her arguments that the "evidence certainly presents issues of material fact that are appropriate for jury consideration," but also that "the uncontroverted facts actually prove[] [her] case."  However, in the absence of reference to Rule 74.04(c) paragraphs or responses, we have no way of knowing whether the exhibit references relied on by Cox in her appellate brief (most of which refer to deposition transcripts) were, in fact, cited in a Rule 74.04(c) paragraph or response.  "Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework."  *Green*, 606 S.W.3d at 117 (quoting *Jones v. Union Pac. R.R. Co*., 508 S.W.3d 159, 161 (Mo. App. S.D. 2016) (emphasis in original)).  As such, information in an exhibit attached to summary judgment pleadings that is not cited expressly in a Rule 74.04(c)

---

[4]In the entirety of Cox's brief, she cites to her response to Defendants' motion for summary judgment once. In that single instance, she does not identify a specific numbered paragraph or even page of the response, but instead generally cites to the response to support her contention that she did not admit a fact relevant to Point Two.

paragraph or response is immaterial, as "summary judgment principles require a court to 'determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [movant's] right to judgment *regardless of other facts or factual disputes*.'" *Id*. at 118 (emphasis in original) (quoting *Pemiscot Cnty. Port Auth. v. Rail Switching Servs., Inc.*, 523 S.W.3d 530, 534 (Mo. App. S.D. 2017)).

To determine whether the exhibit references in Cox's brief are cited in Rule 74.04(c) paragraphs or responses, we would be required to impermissibly "act as an advocate for a party" by "sift[ing] through the entire record to identify" whether disputed or undisputed issues prevent the entry of summary judgment as a matter of law. *Id.*; *see also Blue Chalk*, 497 S.W.3d at 835 ("Courts cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates."). We will not engage in that exercise. "[A]llowing courts to look outside the Rule 74.04(c) paragraphs and responses to find issues of material fact would exceed the limits of *de novo* review." *Green*, 606 S.W.3d at 120.

Cox has not demonstrated that genuine issues of material fact remain in dispute as to preclude summary judgment in favor of Individual Defendants on the issue of official immunity, or that uncontroverted facts establish that relevant sections of the Policy Manual were mandatory, negating official immunity as a matter of law.[5] *See, e.g.*, *Blue Chalk*, 497

---

[5]Even had Cox established the existence of a genuine issue of material fact regarding Individual Defendants' violations of the Policy Manual, or that the uncontroverted facts showed that relevant sections of the Policy Manual were mandatory, her contention that because a policy is mandatory, it therefore creates a ministerial duty, misstates the inquiry for official immunity. "The fact that a statute or regulation may confer authority – or even a duty – to act in a given situation says nothing about whether the act authorized or compelled is the sort of

11

S.W.3d at 834 (affirming the grant of summary judgment where "completely untethered from any particular numbered paragraph material fact in the summary judgment record or any specific reference in any such numbered paragraph as an exhibit, Appellants generally cite 96 times directly to exhibits attached to [movant's] statement of uncontroverted material facts or their response to that statement and five times to [movant's] response to Appellants' motion for partial summary judgment.").  We cannot conclude that the trial court erred when it granted summary judgment for Individual Defendants in their individual capacities on the basis of official immunity.

Point One is denied.

**Point Three: The trial court did not err in granting summary judgment for Callaway County on the basis that it is shielded by sovereign immunity.**

In her third point on appeal, Cox asserts that the trial court erroneously granted summary judgment for Callaway County on the basis of sovereign immunity because a genuine issue of material fact exists regarding whether Callaway County waived sovereign immunity by purchasing liability insurance.

Callaway County is a political subdivision and is therefore immune from tort liability as existed at common law under the doctrine of sovereign immunity. *Brentwood Glass Co., Inc. v. Pal's Glass Serv., Inc.*, 499 S.W.3d 296, 305 (Mo. banc 2016) (citation omitted); section 537.600.  However, pursuant to section 537.610.1, a political subdivision

---

ministerial or clerical act to which official immunity does not extend." *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. banc 2021) (quoting *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 192 (Mo. banc 2019)).  "[E]ven when a clerical or ministerial act appears to be authorized or required by statute, official immunity will still apply if the official retains authority to decide when and how that act is to be done." *Id.* (quoting *Alsup*, 588 S.W.3d at 192-93).

12

may waive its sovereign immunity for tort liability by purchasing liability insurance. Cox "shoulders the burden of proving the existence of an insurance policy, and that the terms of the policy cover the claims asserted by the [Cox] against [Callaway County]." *State ex rel. Blue Springs Sch. Dist. v. Grate*, 576 S.W.3d 262, 269 (Mo. App. W.D. 2019) (quoting *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. App. E.D. 2008)).

Callaway County purchased liability coverage from Missouri Public Entity Risk Management Fund ("MOPERM Policy"). The MOPERM Policy includes a disclaimer provision as follows:

> Nothing contained in this section, or the balance of this document, shall be construed to broaden the liability of the Member Agency beyond the provisions of Sections 537.600 to 537.610, RSMo, nor to abolish or waive any defense at law which might otherwise be available to the Member Agency or its officers and employees.

Cox acknowledges that the disclaimer provision in the MOPERM Policy is technically sufficient to retain Callaway County's sovereign immunity for Cox's claims in light of the holding in *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 417-18 (Mo. App. E.D. 2008).[6]

Notwithstanding her concession, Cox argues that the disclaimer provision is unenforceable because "official minutes of the Callaway County Commission indicate that" the disclaimer provision was not separately approved by the Callaway County

---

[6]Section 537.610.1 "mandates the waiver of sovereign immunity 'only to the maximum amount of and only for the purposes covered by such policy of insurance.'" *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 414-15 (Mo. App. E.D. 2008) (quoting section 537.610). The disclaimer provision present in the municipality's insurance policy in *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 417-18 (Mo. App. E.D. 2008), acted to retain the city's sovereign immunity because it expressly stated "that the policy should not be construed to broaden the liability of the City beyond the sovereign immunity provisions of Sections 537.600 to 537.610, nor 'to abolish or waive any defense at law which might otherwise be available' to the City." The language in Callaway County's disclaimer provision is nearly identical to the municipality's disclaimer provision in *Topps*.

13

Commission ("Commission") when the Commission approved and procured coverage from MOPERM, and therefore sovereign immunity is inapplicable.[7] Cox relies on *Newsome v. Kansas City, Missouri School District*, 520 S.W.3d 769, 776 (Mo. banc 2017).

In *Newsome*, a school district purchased liability insurance for tort claims which covered the type of claims brought by the plaintiff. *Id.* The school district argued that it preserved its sovereign immunity because its policy contained an endorsement which disclaimed coverage for actions protected by sovereign immunity. *Id.* However, the endorsement was not part of the original policy, was instead negotiated months after, and "was not subscribed to by any authorized and appointed agent of the District." *Id.* "Section 432.070 'requires the contracts made by a [county, city, town, village, school township, school district or other municipal corporation] must be in writing and duly executed as provided in said statute. The requirements of the statute are mandatory, not directory, and a contract not so made is void.'" *Id.* (quoting *Burger v. City of Springfield*, 323 S.W.2d 777, 782 (Mo. 1959)). Our Supreme Court held that "[b]ecause the attempted execution of [the endorsement] did not comply with all of the requirements of [section] 432.070, the [school

---

[7]Similar to Point One, Cox also fails to reference or mention any specific numbered paragraphs of material fact in the summary judgment record in support of her argument that a genuine issue of material fact exists. Cox only cites to the "Callaway County Commission Minutes," an exhibit attached to her response to Defendants' motion for summary judgment. However, because Point Three relies only on the existence of one controverted fact which is readily discernible from the summary judgment pleadings, and the two uncontroverted facts addressing the MOPERM Policy are similarly set apart in their own section labeled "Insurance," we are not required to sift through a voluminous record at risk of impermissibly acting as advocates. Therefore, we *ex gratia* elect to review Cox's third point on its merits.

The numbered paragraph which Cox argues creates a genuine issue of material fact is: "Callaway County, acting by and through its commission, has never approved any specific language in the policy, including the limitation of liability related to sovereign immunity."

district] cannot rely on [the endorsement] to preserve sovereign immunity that was otherwise waived by its purchase of liability insurance." *Id.*

*Newsome* is of no aid to Cox.  Unlike *Newsome*, where the disclaimer language was added by endorsement, Cox admits that the MOPERM Policy included the disclaimer provision at the time the Policy was initially purchased.  Cox has not identified any controverted or uncontroverted facts that would suggest noncompliance with section 432.070 when Callaway County approved entering into the MOPERM Policy contract.[8] Regardless, it is immaterial whether Callaway County approved the MOPERM Policy in the manner anticipated by section 432.070.  If it did, the disclaimer language in the MOPERM Policy operates to make clear that sovereign immunity is not waived.  If it did not, the MOPERM Policy is a void contract, and the waiver of sovereign immunity contemplated by 537.610.1 where liability insurance is purchased has not been triggered.

Cox has failed to establish the existence of a genuine issue of material fact which precludes summary judgment as a matter of law in favor of Callaway County based on sovereign immunity.  The trial court did not err in granting summary judgment for Callaway County.

Point Three is denied.

### Point Two: Proximate Cause

Cox's second point on appeal argues that the trial court erroneously granted summary judgment for Defendants on the basis that their conduct was not the proximate

---

[8]We assume, without further addressing or deciding, that section 432.070 applies to the initial purchase of an insurance policy.

cause of Cox's injury in that Cox "presented expert testimony and factual evidence which proves proximate causation." Discussion of this point has been rendered moot by our conclusion that Cox has not established that the trial court erred in granting summary judgment in favor of Defendants on official or sovereign immunity grounds. Even if we reached the merits of this point on appeal (which we do not), review of the point would be fatally impaired by the same transgression discussed in connection with Cox's first point on appeal, as in advancing the point on appeal, Cox cites only to exhibits attached to the summary judgment pleadings without referring to any Rule 74.04(c) paragraph or response.

Cox's Point Two is denied.

### Conclusion

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur