

# Missouri Court of Appeals
## Southern District

### In Division

JOHN LACKEY,                                )
                                            )
    Plaintiff-Appellant,                )
                                            )
v.                                          )    No. SD38287
                                            )
PHELPS COUNTY REGIONAL                      )    **Filed: August 13, 2024**
MEDICAL CENTER d/b/a PHELPS                 )
HEALTH,                                     )
                                            )
    Defendant-Respondent.               )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger

**<u>AFFIRMED</u>**

Appellant John Lackey ("Plaintiff") appeals the judgment entered in favor of Phelps County Regional Medical Center ("Defendant") after the circuit court granted Defendant's motion for summary judgment. *See* Rule 74.04.[1] Plaintiff sued Defendant for disability discrimination under the Missouri Human Rights Act ("MHRA"[2]) after Defendant eliminated Plaintiff's employment position and failed to hire Plaintiff for the

---

[1] All rule references are to Missouri Court Rules (2024).
[2] Section 213.010 *et seq.* Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

replacement position.  Because Plaintiff failed to create a genuine issue of material fact as to whether he was "disabled," as defined under the MHRA (hereinafter "Disabled"), we affirm.

## Governing Law & Summary Judgment Requirements

> Section 213.055 prohibits discrimination in the employment context because of a person's race, color, religion, national origin, sex, ancestry, age, or disability.  *DeWalt v. Davidson Service/Air, Inc.*, 398 S.W.3d 491, 498 (Mo. App. E.D. 2013).  To prove a claim of disability discrimination under the MHRA, a claimant must show that he (1) was disabled, (2) was discharged, or suffered some other adverse employment action forbidden by the statute, and (3) his disability was a factor in the adverse employment action or discharge.  Section 213.055; *McKinney v. Mercy Hospital St. Louis*, 604 S.W.3d 680, 689 (Mo. App. E.D. 2020).  Section 213.010(5) defines "disability" as:  "[A] physical or mental impairment which substantially limits one or more of a person's major life activities, being regarded as having such an impairment, or a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing the job ...."  "Major life activities" are defined as activities which affect employability such as communication, ambulation, self-care, socialization, education, vocational training, employment, and transportation.  8 C.S.R. 60-3.060(1)(C); *Daugherty* [*v. City of Maryland Heights*], 231 S.W.3d [814,] 821 [(Mo. banc 2007)].

*Feldman v. Patrish, L.L.C.*, 674 S.W.3d 59, 63 (Mo. App. E.D. 2023).

We review a grant of summary judgment *de novo, id.* at 62, and **Great S. Bank v. Blue Chalk Constr., LLC**, sets forth the requirements for a successful motion for summary judgment as follows:

> [T]he first inquiry is the identification of the movant and whether the movant is a "claimant," *see* Rule 74.04(a), or a "defending party," *see* Rule 74.04(b). . . .

> The second inquiry is whether the movant's motion for summary judgment properly pleads all of the elements as detailed in Rule 74.04(c)(1).  *See ITT Commercial Fin. Corp.* [*v. Mid-Am Marine Supply Corp.*], 854 S.W.2d [371,] 380 [(Mo. banc 1993)]. . . .  As defending party . . . , summary judgment is established where [the movant] shows:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.*

[I]f the movant's motion fully complies with the requirements of Rule 74.01(c)(1) and the movant's stated material facts, to which movant claims there is no genuine issue, support the movant's right to judgment as a matter of law, then the movant has made what our supreme court has described as a "prima facie showing" of a right to summary judgment. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 380–81. . . .

The third and final inquiry occurs only when the movant has made "a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law[.]" *Id.* at 381. At that point, the burden shifts to the non-movant to show that "one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Id.* "To put a fact in 'genuine dispute,' the non-movant may not rely on a general denial, but, instead, must support that denial with 'specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for trial.'" . . . "A 'genuine issue' that will prevent summary judgment exists where the record shows two plausible but contradictory accounts of the essential facts." *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 685 (Mo. banc 2009).

497 S.W.3d 825, 828-29 (Mo. App. S.D. 2016).

### The Relevant Statements of Uncontroverted Material Facts & Responses Thereto ("SUMF")

From 2006 through July 19, 2019, Plaintiff was employed by Defendant as a Safety Specialist. In late 2018 into early 2019, Defendant's leadership determined a partial reorganization was needed to better position Defendant for ongoing hospital accreditation requirements. As a part of that reorganization, Defendant decided to eliminate Plaintiff's Safety Specialist position and create the new position of Assistant

3

Director of Safety and Compliance ("the Assistant Director position"). The Assistant Director position would have a higher level of authority than Plaintiff's previous position of Safety Specialist, and it would have different expectations for knowledge, expertise, background, and education. Only two candidates were interviewed for the Assistant Director position: Plaintiff, and an external candidate, Matt Dennon.

After both candidates were interviewed, Defendant hired Mr. Dennon. After Plaintiff was not chosen for the position, he sued Defendant, claiming that he is physically disabled and his alleged "physical disability contributed, in whole or in part, to Defendant's [alleged] adverse employment actions towards and harassment and discrimination of Plaintiff" and Defendant "subjected Plaintiff to discrimination and harassment based on his physical disability[.]"[3]

**Analysis**

Plaintiff presents seven points on appeal, but our resolution of his third point is dispositive of this appeal. That point claims:

> The trial court erred in finding that Plaintiff could not show he was "disabled" under the MHRA and granting summary judgment because materials facts remained in dispute that Plaintiff properly disputed several of Defendant's paragraph facts on the effect of Plaintiff's physical conditions on Plaintiff's life; . . . and the trial court credited Plaintiff's (improperly presented) deposition testimony over Plaintiff's medical records[.]

We disagree.

---

[3] Plaintiff also sued Defendant for intentional infliction of emotional distress and challenged the application of Senate Bill 43 as violative of his constitutional rights. Because none of Plaintiff's seven points on appeal challenge the trial court's grant of summary judgment in favor of Defendant on those claims, we do not address them.

As earlier noted, to prevail on a MHRA discrimination claim, "a claimant must show that he (1) was disabled, (2) was discharged, or suffered some other adverse employment action forbidden by the statute, *and* (3) his disability was a factor in the adverse employment action or discharge." **Feldman**, 674 S.W.3d at 63 (citing section 213.055 (emphasis added)). Defendant, through its stated material fact number 44, made a *prima facie* showing of a right to summary judgment in its favor.

> 44. [Plaintiff] d[id] not have any physical or mental impairments that substantially limited one or more of his major life activities in January to July 2019. . . . • Ex. SJ-A, Pl. Dep. 29:12-15, 52:10-54:10, 55:13-14, 55:25-56:19, 57:17-21, 60:13- 61:2, 61:17-22, 62:25-63:16, 65:17-67:2, 67:23-68:19.

This stated material fact established a *prima facie* right to summary judgment because it negated the required third element of Plaintiff's discrimination claim: that he was Disabled and it "was a factor in the adverse employment action[.]"[4] *See **id.*** (stating the necessary elements of a disability discrimination case under the MHRA); *see also* **Great S. Bank**, 497 S.W.3d at 829 (stating what constitutes a *prima facie* showing of a right to summary judgment).

---

[4] Plaintiff asserts that Defendant violated Rule 74.04(c) in citing Plaintiff's deposition testimony because **Hootselle v. Mo. Dep't. of Corr.**, 624 S.W.3d 123, 135 (Mo. banc 2021), states that

> [m]any [of the appellants'] separately numbered paragraphs fail to comply with Rule 74.04(c)(1) because they do not purport to state material facts. Rather, many state *only* that a fact witness has testified about a fact in his or her deposition. But *unless* the mere existence of that deposition testimony is, *in and of itself*, a material fact, an admission of the correctness of the statement of the witness's testimony does not prove the substance of the witness's testimony is undisputed [(emphasis added).]

Here, the "unless" exception applies because Plaintiff is not "only" a fact witness – he is the opposing party in the case. In that capacity, Plaintiff is able to (and did) make a binding admission when he testified that he "d[id] not have any physical or mental impairments that substantially limited one or more of his major life activities in January to July 2019." *See **Around the World Importing, Inc. v. Mercantile Tr. Co., N.A.**,* 795 S.W.2d 85, 89 (Mo. App. E.D. 1990) (stating that deposition testimony of an adverse party is admissible for any purpose so long as it is an admission against interest).

Once Defendant made a *prima facie* case for a judgment in its favor, the burden shifted to Plaintiff to show that the element fact at issue, whether Plaintiff was Disabled, is genuinely in dispute. *Id.* To meet his burden, Plaintiff was required to support his denial with "specific references to the discovery, exhibits or affidavits[.]" *Id.* (citation omitted). Plaintiff's response to Defendant's stated material fact number 44 was:

> RESPONSE: DENIED as disputed. Plaintiff denies that he did not have any physical or mental impairments that substantially limited one or more of his major life activities during the relevant time period. Plaintiff's bilateral knee issues affected his ambulation, ability to climb stairs, ability to stand longer than 10 minutes, and ability to walk more than a few blocks ([Plaintiff's Statement of Facts] ["PSOF"] ¶¶ 5–7, 9–11, *infra*); his fused neck prevented a full range of motion and impacted his driving, (PSOF ¶ 4); his back issues prevented him from sitting or standing for over an hour without aggravated pain, (PSOF ¶ 6).

Plaintiff's response cites different paragraphs from his PSOF in response to Defendant's stated material fact number 44. The only evidentiary support that Plaintiff offers to support his PSOF are his medical records that the parties agree were provided to Defendant as part of the discovery that occurred during this litigation. Plaintiff's reliance on his discovery disclosures to create a genuine dispute about whether Defendant knew that Plaintiff was Disabled at the time Defendant made its adverse hiring decision is misplaced because Plaintiff acknowledged that Defendant did not receive Plaintiff's medical records until after Plaintiff filed his lawsuit – well after Defendant made its decision not to hire Plaintiff for the new position. *See Moore v. Sw. Bell Tel. Co.*, 684 S.W.3d 187, 206 (Mo. App. E.D. 2023) ("[A] circuit court properly grants summary judgment to an employer on a claim under the MHRA where the record does not support a reasonable inference that the plaintiff's protected characteristics were a contributing factor to the adverse employment action").

6

Plaintiff's response to Defendant's stated material fact number 44 is devoid of any evidence that Defendant knew that Plaintiff claimed to be Disabled before Defendant made its decision not to hire Plaintiff for the Assistant Director position, and that failure is fatal to his claim.[5]

Point three is denied. Plaintiff's other points are moot, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

---

[5] We need not consider Plaintiff's argument that the circuit court erred in not considering whether he was "regarded as" or had a "record of" disabilities, asserting that they are not mutually exclusive forms of disability under the MHRA. If, for the sake of argument, those claims were properly preserved for our review, they would also fail due to the absence of any evidence that Defendant knew that Plaintiff was regarded as or had a record of being Disabled at the time of the hiring decision. *See Moore*, 684 S.W.3d at 200-01 ("A circuit court properly grants summary judgment on MHRA claims in favor of the employer where the summary-judgment record does not support a reasonable inference that the plaintiff's protected characteristics or activities were a contributing factor in the adverse employment action").